IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| MC TRILOGY TEXAS, LLC, § | |
| § | |
| Plaintiff, § | |
| § | |
| VS. § | Civil Action No. 3:22-CV-2154-D |
| § | |
| CITY OF HEATH, TEXAS, § | |
| § | |
| Defendant. § | |

MEMORANDUM OPINION
AND ORDER

In this action by plaintiff MC Trilogy Texas, LLC ("MC Trilogy") alleging that defendant the City of Heath, Texas ("Heath") violated state law and MC Trilogy's federal constitutional rights, Heath moves in separate motions for a protective order and to quash and for a protective order regarding the deposition of Norma Duncan ("Duncan"), the Heath City Secretary. MC Trilogy moves to compel production of documents. For the reasons explained, the court grants Heath's motion for a protective order, denies Heath's motion to quash and for a protective order regarding the Duncan deposition, and grants MC Trilogy's motion to compel production of documents.

I

MC Trilogy initiated this lawsuit by filing a complaint against Heath; the Mayor of Heath, in his official capacity; and the Heath City Council Members and the Heath Planning and Zoning Commission Members, in their official capacities.[1] Defendants filed a motion

---

[1]The court recounts only the procedural history relevant to the instant motions.

to dismiss, which the court granted in part and denied in part. *MC Trilogy Tex., LLC v. City of Heath (MC Trilogy I)*, ___ F.Supp.3d ___, 2023 WL 2544308, at *7 (N.D. Tex. Mar. 16, 2023) (Fitzwater, J.). In pertinent part, the court dismissed the official-capacity claims alleged against the Mayor and the Members of the Heath City Council and the Heath Planning and Zoning Commission. *Id.* at *2.

Before the court filed *MC Trilogy I*, however, MC Trilogy served Heath and the Heath officials with requests for production ("RFPs") under Fed. R. Civ. P. 34. These RFPs are the subject of Heath's March 22, 2023 motion for protective order and MC Trilogy's April 7, 2023 motion to compel.

MC Trilogy also served on Heath a notice of deposition for Duncan, the Heath City Secretary. This notice of deposition is the subject of Heath's March 24, 2023 motion to quash and for a protective order regarding Duncan.

II

The court turns initially to Heath's March 22 motion for protective order.

Heath challenges the RFPs served on the City officials who are former defendants. Heath maintains that, under Rule 34, only a party can be served with an RFP, and the Heath City officials are no longer parties. MC Trilogy responds that Heath's position in prior filings—that the City and the City officials are "one in the same parties"—forecloses any argument that the City officials are not parties. P. Resp. to D. Mot. for Protective Order

- 2 -

(ECF No. 46) at 3 (citing ECF No. 22 at 23).[2]

The text of Rule 34(a) is clear: the procedures outlined in that Rule apply when a party is serving a discovery request on another party. Thus "the rule creates a device that may be used to obtain discovery *only from parties* to a pending action." 8B Charles Alan Wright, Arthur R. Miller & Richard L. Marcus, *Federal Practice and Procedure* § 2208 (3d ed. 2010) (emphasis added). Because the Heath officials are no longer parties, MC Trilogy cannot use Rule 34 RFPs to obtain discovery from them, and Heath's March 22 motion for protective order is granted.[3]

III

The court now considers Heath's March 24 motion to quash and for a protective order regarding the Duncan deposition.

A

Heath seeks by its motion to prevent MC Trilogy from deposing Duncan, who has served for the last seven years as the Heath City Secretary. According to Heath, the City Secretary's duties are quite limited, and Duncan is therefore incompetent to testify to anything of relevance. Heath also maintains that deposing Duncan is needlessly duplicative

---

[2]MC Trilogy also maintains that, regardless whether the Heath officials are proper parties on which to serve these RFPs, Heath has failed to adequately respond to the identical RFPs served on Heath. That issue is addressed below. *See infra* § IV.

[3]The court expresses no view regarding the extent to which another discovery procedure, such as the subpoena process outlined in Rule 45, can be used. That question is not before the court.

because any information that can be obtained from Duncan can also be derived from discovery documents.

MC Trilogy responds that the duties of the City Secretary, as listed in Heath's motion, explicitly include maintaining familiarity with certain procedures and information relevant to the instant dispute. For example, the City Secretary is charged with "maintaining 'the official records and files of the City'"—information that MC Trilogy maintains is certainly relevant to this matter. *See* P. Resp. to D. Mot. to Quash and for Prot. Order (ECF No. 44) at 8. MC Trilogy also posits that discoverable information is not confined to that which falls within the scope of a city official's official duties.

B

"Unless otherwise limited by court order, . . . [p]arties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case[.]" Rule 26(b)(1). "Relevancy is broadly construed, and a request for discovery should be considered relevant if there is 'any possibility' that the information sought may be relevant to the claim or defense of any party." *Merrill v. Waffle House, Inc.*, 227 F.R.D. 467, 470 (N.D. Tex. 2005) (Ramirez, J.) (quoting *Sheldon v. Vermonty*, 204 F.R.D. 679, 689 (D. Kan. 2001)).

Rule 26(c) provides, in pertinent part: "The court may, for good cause, issue an order to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense[.]" The burden is on the movant to show that good cause exists, "which contemplates a particular and specific demonstration of fact as distinguished from

stereotyped and conclusory statements." *In re Terra Int'l, Inc.*, 134 F.3d 302, 306 (5th Cir. 1998) (per curiam) (internal quotation marks omitted) (quoting *United States v. Garrett*, 571 F.2d 1323, 1326 n.3 (5th Cir. 1978)). The movant "must show how the requested discovery is overly broad, unduly burdensome, or oppressive by submitting affidavits or offering evidence revealing the nature of the burden." *Samsung Elecs. Am. Inc. v. Yang Kun "Michael" Chung*, 325 F.R.D. 578, 590 (N.D. Tex. 2017) (Horan, J.) (first citing *Merrill*, 227 F.R.D. at 477; and then citing *SEC v. Brady*, 238 F.R.D. 429, 437 (N.D. Tex. 2006) (Ramirez, J.)).

Heath has not met its burden of demonstrating that a protective order is warranted. Although Heath did submit an affidavit from Duncan in support of its motion, the affidavit fails to persuade the court that the discovery MC Trilogy seeks is unduly burdensome, oppressive, or the like. And Heath has failed to establish that Duncan does not possess relevant information and that taking her deposition would not be proportional to the needs of the case.

Accordingly, Heath's March 24 motion to quash and for protective order regarding the deposition of Duncan is denied.

IV

Finally, MC Trilogy moves in its April 7 motion to compel Heath to fully respond to the Rule 34 RFPs served on it. Heath has not responded to this motion.

A party seeking discovery can move to compel production where the opposing party fails to comply with a Rule 34 RFP. *See* Rule 37(a)(3)(B)(iv). An incomplete response to

an RFP "must be treated as a failure to disclose, answer, or respond." Rule 37(a)(4). The burden is on the party resisting discovery—here, Heath—to establish why the motion to compel should not be granted. *Merrill*, 227 F.R.D. at 470; *see also Lozano v. Dorel Juv. Grp.*, 2010 WL 11619687, at *1 (N.D. Tex. May 26, 2010) (Means, J.) ("Generally, the burden is on the party seeking to avoid compliance with a discovery request to show that the request is improper[,]" such that "in the context of a motion to compel, the party who opposes discovery must 'show specifically how [the request] is not relevant or how [the request] is overly broad, burdensome, or oppressive.'" (second and third alterations in original) (quoting *McLeod, Alexander, Powel and Apffel, P.C. v. Quarles*, 894 F.2d 1482, 1485 (5th Cir. 1990))).

Because Heath has failed to respond to the motion to compel, it has necessarily failed to establish that the discovery MC Trilogy seeks is improper.[4] Accordingly, MC Trilogy's April 7 motion to compel is granted.

No later than 21 days after the date of this memorandum opinion and order, Heath must either produce any documents that are responsive to MC Trilogy's RFPs, or, if Heath withholds production of any responsive document based on a privilege or protection, produce

---

[4]MC Trilogy points out that Heath's responses to the RFPs are replete with boilerplate, stock objections. Such objections are insufficient to defeat a motion to compel. *See Hunsinger v. Alpha Cash Buyers, LLC*, 2022 WL 1128730, at *2 (N.D. Tex. Apr. 15, 2022) (Fitzwater, J.). And, in any event, the objections have now been waived. *See Samsung Elecs. Am., Inc. v. Yang Kun Chung*, 321 F.R.D. 250, 284 (N.D. Tex. 2017) (Horan, J.) ("A party who has objected to a discovery request then must, in response to a Rule 37(a) motion to compel, urge and argue in support of its objection to an interrogatory or request and, if it does not, it waives the objection.").

a privilege log that includes all such documents.

* * *

Heath's March 22, 2023 motion for a protective order is granted, and its March 24, 2023 motion to quash and for a protective order regarding the Duncan deposition is denied. MC Trilogy's April 7, 2023 motion to compel production of documents is granted.

**SO ORDERED**.

May 24, 2023.

                                                  SIDNEY A. FITZWATER
                                                SENIOR JUDGE