IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| MC TRILOGY TEXAS, LLC, § | |
| § | |
| Plaintiff, § | |
| § | |
| VS. § | Civil Action No. 3:22-CV-2154-D |
| § | |
| CITY OF HEATH, TEXAS, § | |
| § | |
| Defendant. § | |

MEMORANDUM OPINION
AND ORDER

In this action challenging a municipality's land use decisions, plaintiff MC Trilogy Texas, LLC ("MC Trilogy") moves for leave to file a first amended complaint, and defendant the City of Heath ("Heath") moves for leave to file a first amended answer. Both motions were filed by the deadline for filing motions for leave to amend, and both are opposed. For the following reasons, the court grants both motions.

I

The court need not recount the background facts and procedural history at length because this case is the subject of three prior memorandum opinions and orders.[1] Instead, the court will do so only as necessary to understand the present decision.

In *MC Trilogy Tex., LLC v. City of Heath (MC Trilogy I)*, ___ F.Supp.3d ___, 2023

---

[1]*MC Trilogy Tex., LLC v. City of Heath*, ___ F.Supp.3d ___, 2023 WL 2544308, at *1 (N.D. Tex. Mar. 16, 2023) (Fitzwater, J.); *MC Trilogy Tex., LLC v. City of Heath*, 2023 WL 3635639, at *1 (N.D. Tex. May 24, 2023) (Fitzwater, J.); *MC Trilogy, Tex., LLC v. City of Heath*, 2023 WL 5918925, at *1 (N.D. Tex. Sept. 11, 2023) (Fitzwater, J.).

WL 2544308, at *2 (N.D. Tex. Mar. 16, 2023) (Fitzwater, J.), the court dismissed MC Trilogy's official-capacity claims against members of the Heath City Council and Heath Planning and Zoning Commission as duplicative of claims made against Heath, the government entity. *See id.* at *2. The court also dismissed MC Trilogy's substantive and procedural due process claims under Fed. R. Civ. P. 12(b)(6) for failure to state a claim on which relief can be granted. *See id.* at *3.

MC Trilogy moves for leave to file a first amended complaint, to "(1) remove the individual City Officials from the Complaint consistent with this Court's [*MC Trilogy I*] Order; (2) supplement [its] allegations based on information learned in discovery; (3) clarify [its] factual contentions and correct allegations expressed in an inartful manner, and (4) cure pleading deficiencies noted by the Court['s] [*MC Trilogy I*] Order." P. Mot. (ECF No. 91) at 2, ¶ 4. Heath opposes the motion, maintaining that MC Trilogy's newly-asserted substantive and procedural due process claims are futile. Heath asserts that MC Trilogy's newly-asserted substantive due process claim is not distinct from its takings claim and converts alleged violations of state law into a federal due process claim. And it maintains that MC Trilogy's newly-asserted procedural due process claim fails as a matter of law.

In addition to opposing MC Trilogy's motion, Heath moves for leave to file a first amended answer to "clarif[y] or modif[y] some admissions and denials, [] add[] affirmative defenses[,]" and change the relief sought if MC Trilogy prevails on its takings claim. D. Mot. (ECF No. 84) at 1. MC Trilogy opposes the motion. It posits that Heath's proposed amended answer is prejudicial and constitutes undue delay because Heath is asserting a new

request for contingent relief, making substantive changes to admissions, and adding or modifying affirmative defenses after a significant period of time has passed. MC Trilogy maintains that Heath knew for months of the facts underlying the proposed amendments.

MC Trilogy and Heath filed the present motions for leave to amend on August 22, 2023, the deadline for filing such motions. The court is deciding the motions on the briefs.

II

Because both parties filed their motions by the deadline established in the court's August 14, 2023 amended scheduling order, the court's decision is governed by Rule 15(a) rather than Rule 16(b)(4). *See, e.g.*, *Orthoflex, Inc. v. ThermoTek, Inc.*, 2011 WL 4398279, at *1 (N.D. Tex. Sept. 21, 2011) (Fitzwater, C.J.). Moreover, when, as here, "a party files a motion for leave to amend by the court-ordered deadline, there is a 'presumption of timeliness.'" *Pyramid Transp., Inc. v. Greatwide Dall. Mavis, LLC*, 2012 WL 5875603, at *2 (N.D. Tex. Nov. 21, 2012) (Fitzwater, C.J.) (quoting *Poly-Am., Inc. v. Serrot Int'l Inc.*, 2002 WL 206454, at *1 (N.D. Tex. Feb. 7, 2002) (Fitzwater, J.)). The court also applies the lenient standard of Rule 15(a)(2) to determine whether leave to amend should be granted. Under that standard, "[t]he court should freely give leave when justice so requires." Rule 15(a)(2).

"It is settled that the grant of leave to amend the pleadings pursuant to Rule 15(a) is within the discretion of the trial court." *Garcia v. Zale Corp.*, 2006 WL 298156, at *1 (N.D. Tex. Feb. 1, 2006) (Fitzwater, J.) (quoting *Zenith Radio Corp. v. Hazeltine Rsch., Inc.*, 401 U.S. 321, 330 (1971)). "Although leave to amend should be 'freely give[n] . . . when justice

so requires,'" Rule 15(a)(2), granting leave to amend "is by no means automatic." *Wimm v. Jack Eckerd Corp.*, 3 F.3d 137, 139 (5th Cir. 1993) (quoting *Addington v. Farmer's Elevator Mut. Ins. Co.*, 650 F.2d 663, 666 (5th Cir. Unit A July 1981)).  In deciding whether to grant leave to amend, the court may consider factors such as "undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party, and futility of amendment." *Wimm*, 3 F.3d at 139 (citing cases).

"A district court may refuse leave to amend if the filing of the amended complaint would be futile, i.e., if the complaint as amended would be subject to dismissal." *Varela v. Gonzales*, 773 F.3d 704, 707 (5th Cir. 2014) (quoting *Ackerson v. Bean Dredging LLC*, 589 F.3d 196, 208 (5th Cir. 2009)) (some internal quotation marks omitted).  But this court's

> almost unvarying practice when futility is raised is to address the merits of the claim or defense in the context of a Rule 12(b)(6) or Rule 56 motion.  The court only infrequently considers the merits of new causes of action in the context of Rule 15(a).  The court prefers instead to do so in the context of a Rule 12(b)(6) or Rule 56 motion, where the procedural safeguards are surer.

*Reneker v. Offill*, 2011 WL 1427661, at *1 (N.D. Tex. Apr. 13, 2011) (Fitzwater, C.J.).

III

A

Applying the lenient Rule 15(a)(2) standard, the court concludes in its discretion that MC Trilogy's motion for leave to file a first amended complaint should be granted.

MC Trilogy did not unduly delay in moving for leave to amend because filing by the

- 4 -

deadline creates a presumption of timeliness and Heath has not rebutted that presumption. Moreover, Heath does not assert, and the court has not found any evidence of, undue prejudice, bad faith, dilatory motive, or failure to cure past deficiencies. Heath only argues that MC Trilogy should not be permitted to amend because its proposed substantive and procedural due process claims are futile. But this court's practice is to address the merits of the claim in the context of a Rule 12(b)(6), Rule 12(c), or Rule 56 motion, not a Rule 15(a) motion. *See, e.g.*, *Reneker*, 2011 WL 1427661, at *1.[2]

B

The court also grants Heath's motion for leave to file a first amended answer.

Heath did not unduly delay in moving for leave to amend. There is a presumption of timeliness that MC Trilogy has not rebutted. Citing *Thompson v. Wichita Falls Ind. Sch. Dist.*, 2008 WL 123891, at *2 (N.D. Tex. Jan. 14, 2008) (Buchmeyer, J.), MC Trilogy contends that Heath unduly delayed because Heath did not propose to add anything that could not have been raised at an earlier time. *Thompson* is distinguishable, however, because, unlike Heath, the defendant in that case sought leave to file a second amended answer, acknowledged that the amendment could have been raised in a first amended answer, and discovery was completed over eight months beforehand, precluding the plaintiff from

---

[2]The court recognizes that MC Trilogy seeks leave to amend its complaint to assert claims dismissed by this court in *MC Trilogy I* under a Rule 12(b)(6) motion for failure to state a claim upon which relief can be granted. *See MC Trilogy I*, ___ F.Supp.3d ___, 2023 WL 2544308, at *3. Nonetheless, the court declines to reach the merits of MC Trilogy's newly-asserted claims in the context of a Rule 15(a) motion.

exploring the newly-asserted affirmative defenses during the discovery period. *See Thompson*, 2008 WL 123891, at *3. In the present case, the court has extended the deadline for written discovery to November 30, 2023 and the deadline for completing oral depositions to February 23, 2024.

MC Trilogy has also failed to make a sufficient showing of undue prejudice. MC Trilogy asserts that Heath's amended answer is "prejudicial" because Heath "waited nearly the entirety of the discovery period to seek leave to make [] substantive alterations to its responsive pleading . . . without providing any justification or authority for doing so." MC Trilogy does not assert specifically how Heath's amendments, like changing some admissions to denials, *unduly* prejudice MC Trilogy. MC Trilogy also does not consider that the court can further modify the scheduling order. *See, e.g.*, *Poly-Am., Inc.*, 2002 WL 206454, at *1. MC Trilogy does not assert, nor does the court find, any evidence of, bad faith, dilatory motive, or failure to cure past deficiencies.

\* \* \*

For the reasons explained, the court grants MC Trilogy's motion for leave to file a first amended complaint and grants Heath's motion for leave to file a first amended answer. The clerk of court is directed to file the first amended complaint and first amended answer.

**SO ORDERED**.

September 28, 2023.

                                          SIDNEY A. FITZWATER
                                          SENIOR JUDGE