IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| MC TRILOGY TEXAS, LLC, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| VS. | § | Civil Action No. 3:22-CV-2154-D |
| | § | |
| CITY OF HEATH, TEXAS, | § | |
| | § | |
| Defendant. | § | |

MEMORANDUM OPINION
AND ORDER

In this action challenging a municipality's land use decisions, plaintiff MC Trilogy Texas, LLC ("MC Trilogy") moves under Fed. R. Civ. P. 45(d)(3)(A)(iv) to quash or modify and for a protective order regarding subpoenas *duces tecum* served by defendant the City of Heath, Texas ("Heath") on three non-parties. For the reasons explained, the court denies the motions.

I

This discovery dispute involves non-party subpoenas *duces tecum* served by Heath on three MC Trilogy service providers: Republic Title of Texas, Inc. ("Republic Title"), MC Trilogy's title insurance company; First United Bank and Trust Company ("First United"), MC Trilogy's lender; and Beaird Commercial Realty, Inc. ("Beaird"), the real estate agency that represented the seller of real property referred to as the Trilogy Development.[1] The

---

[1]The court assumes the parties' familiarity with its prior memorandum opinions and orders. *See MC Trilogy Tex., LLC v. City of Heath*, ___ F.Supp.3d ___, 2023 WL 2544308, at *1 (N.D. Tex. Mar. 16, 2023) (Fitzwater, J.); *MC Trilogy Tex., LLC v. City of Heath*, 2023

requests for production ("RFP") primarily seek financial information about the sale of the Trilogy Development to determine the property's fair market value, which Heath maintains is relevant to MC Trilogy's takings claim and just compensation damages.  Republic Title timely objected to the subpoena served on it, but First United and Beaird did not make objections.  Republic Title and Heath filed on October 6, 2023 an agreed stipulation regarding the subpoena's scope, which is subject to the court's ruling on MC Trilogy's motion to quash.  The court is deciding MC Trilogy's motions on the briefs.

II

Rule 26(b)(1) provides that a party may obtain discovery of "any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case." Rule 26(b)(1).  "Relevancy is broadly construed, and a request for discovery should be considered relevant if there is 'any possibility' that the information sought may be relevant to the claim or defense of any party."  *Merrill v. Waffle House, Inc.*, 227 F.R.D. 467, 470 (N.D. Tex. 2005) (Ramirez, J.) (quoting *Sheldon v. Vermonty*, 204 F.R.D. 679, 689 (D. Kan. 2001)).

Rule 45 governs subpoenas to obtain discovery from non-parties.  The party issuing the subpoena "must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena." Rule 45(d)(1). Rule 45(d)(3)(A)(iv) requires that, on timely

---

WL 3635639, at *1 (N.D. Tex. May 24, 2023) (Fitzwater, J.); *MC Trilogy Tex., LLC v. City of Heath*, 2023 WL 5918925, at *1 (N.D. Tex. Sept. 11, 2023) (Fitzwater, J.); *MC Trilogy Tex., LLC v. City of Heath*, 2023 WL 6333115, at *1 (N.D. Tex. Sept. 28, 2023) (Fitzwater, J.).

motion, the court must quash or modify a subpoena if it "subjects a person to undue burden." Rule 45(d)(3)(A)(iv). The movant has the burden of proof, *see id.*; *Wiwa v. Royal Dutch Petroleum Co.*, 392 F.3d 812, 818 (5th Cir. 2004) (citing *Williams v. City of Dallas*, 178 F.R.D. 103, 109 (N.D. Tex. 1998) (Fitzwater, J.)), and must meet "the heavy burden of establishing that compliance with the subpoena would be 'unreasonable and oppressive.'" *Williams*, 178 F.R.D. at 109.

A party's standing to quash subpoenas served on non-parties pursuant to Rule 45 is limited. The movant must be in possession or control of the requested material; be the person to whom the subpoena is issued; or have a personal right or privilege in the subject matter of the subpoena. *See Brown v. Braddick*, 595 F.2d 961, 967 (5th Cir. 1979). In this context, a party may establish a "personal right" to subpoenaed materials in limited circumstances, including when a subpoena seeks to discover personal bank or employment records, social networking accounts, or email inboxes. *See Crispin v. Christian Audigier, Inc.*, 717 F.Supp.2d 965, 974 (C.D. Cal. 2010) (citing cases). "Privilege" refers to protections afforded by the rules of evidence, including attorney-client privilege and work product protection. *See Mobilitie Mgmt., LLC v. Harkness*, 2018 WL 11364084, at *1 (N.D. Ga. Mar. 12, 2018). "A party challenging a subpoena issued to a non-party may not object on the grounds that it 'violates another person's privacy rights . . . , that the subpoena is overly broad, or that the subpoena seeks information that is irrelevant because only the responding third party can object and seek to quash a Rule 45 subpoena on those grounds." *Deitz v. Performance Food Grp., Inc.*, 2021 WL 2715974, at *1 (W.D. Tex. Apr. 21, 2021) (citing *River House Partners,*

*LLC v. Grandbridge Real Est. Cap. LLC*, 2016 WL 3747613, at *3 (M.D. La. July 11, 2016)).  Nonetheless, a party may have standing to move for a protective order under Rule 26(c) . . . even if the party does not have standing under Rule 45.  *See, e.g.*, *Field v. Anadarko Petroleum Corp.*, 2020 WL 4937122, at *2 (S.D. Tex. Aug. 24, 2020) (quoting *Bounds v. Cap. Area Fam. Violence Intervention Ctr., Inc.*, 314 F.R.D. 214, 218 (M.D. La. 2016)).

Rule 26(c) provides, in pertinent part: "The court may, for good cause, issue an order to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense[.]"  Rule 26(c).  The burden is on the movant to show that good cause exists, "which contemplates a particular and specific demonstration of fact as distinguished from stereotyped and conclusory statements."  *In re Terra Int'l, Inc.*, 134 F.3d 302, 306 (5th Cir. 1998) (per curiam) (internal quotation marks omitted) (quoting *United States v. Garrett*, 571 F.2d 1323, 1326 n.3 (5th Cir. 1978)).  The movant "must show how the requested discovery is overly broad, unduly burdensome, or oppressive by submitting affidavits or offering evidence revealing the nature of the burden."  *Samsung Elecs. Am. Inc. v. Yang Kun "Michael" Chung*, 325 F.R.D. 578, 590 (N.D. Tex. 2017) (Horan, J.) (first citing *Merrill*, 227 F.R.D. at 477; and then citing *SEC v. Brady*, 238 F.R.D. 429, 437 (N.D. Tex. 2006) (Ramirez, J.)).

III

The court turns first to MC Trilogy's motion to quash or modify.

A

The court begins by considering whether MC Trilogy has standing to move to quash or modify the non-party subpoenas served on Republic Title, First United, and Beaird. MC Trilogy is not the person on whom the subpoenas were served and does not possess or control the requested material or assert a privilege afforded by the rules of evidence.[2] MC Trilogy asserts standing based on a personal right because MC Trilogy owns the property and information relating to it, which includes "confidential financial and tax information, as well as valuable and proprietary business and property information and related communications." P. Br. (ECF No. 86) at 6.

Judges of this court have repeatedly held that parties have a personal right in private financial information. *See SEC v. Reynolds*, 2016 WL 9306255, at *2 (N.D. Tex. Apr. 29, 2016) (Toliver, J.) (accounting records and other sensitive financial information pertaining to defendant's business); *Turnbow v. Life Partners, Inc.*, 2013 WL 1632795, at *1 (N.D. Tex. Apr. 16, 2013) (Stickney, J.) (same); *Canyon Partners, L.P. v. Devs. Diversified Realty Corp.*, 2005 WL 5653121, at *1 (N.D. Tex. Nov. 4, 2005) (Kaplan, J.) (tax documents). By the very terms of the subpoenas served on Republic Title, First United, and Beaird, Heath seeks sensitive financial information and communications pertaining to MC Trilogy's

---

[2]Heath's response brief addresses attorney-client privilege and work product protection regarding MC Trilogy's engineers, but not the service providers.

business relationship with each service provider.³ The court finds—and Heath does not dispute—that MC Trilogy has a personal right in such information and therefore has standing to move to quash or modify the subpoenas on this limited basis.

B

Having determined that MC Trilogy has standing under Rule 45, the court now considers the motion's merits. MC Trilogy maintains that the subpoenas should be quashed or modified because the RFPs are overly broad, unduly burdensome, irrelevant, harassing, and seek confidential information. But the *non-party* served with the subpoena must make objections like undue burden, inconvenience, and the like because the non-party is better positioned to object properly to the subpoena's burden. *See Quilling v. Erwin & Johnson, LLP*, 2009 WL 10704320, at *3 (N.D. Tex. Dec. 15, 2009) (Solis, J.).⁴ Thus even when a party has standing pursuant to a personal right or privilege, the party cannot challenge a subpoena issued to a non-party on the basis that the subpoena is unduly burdensome or

---

³For example, RFP No. 3 in the subpoena served on First United requests "all underwriting documents . . . , including but not limited to: purchase agreement and any extension(s), proof of collateral, proof of funding, financial records, bank statements, development plans, appraisal(s), survey(s), title insurance, borrower tax documents, borrower business balance sheets and income statements, business operating statements, environmental site assessments, company business models, financial projects, permits or business licenses, resolutions to borrower/grant collateral, resolutions to guaranty/grant collateral, and source of repayment." P. App. (ECF No. 87) at 18. RFP No. 5 in the subpoena served on Republic Title and RFP Nos. 1, 4, 5, 8, and 12 in the subpoena served on Beaird seek similar private financial information.

⁴Republic Title is the only non-party to have timely objected to the subpoena *duces tecum* served by Heath, and it and Heath have entered into a stipulation regarding the scope of the subpoena.

irrelevant. *See, e.g.*, *Steel Dust Recycling, LLC v. Robinson*, 2023 WL 4946533, at *4 (S.D. Tex. Mar. 30, 2023). To the extent that the subpoenas require production of confidential or proprietary information, the stipulated protective order (ECF No. 66)—which the court entered on July 27, 2023 and has not modified—protects confidential development information. Accordingly, the court denies MC Trilogy's motion to quash or modify because it has failed to meet its heavy burden to quash or modify the subpoenas *duces tecum* served on Republic Title, First United, and Beaird on the limited grounds for which it has standing under Rule 45.

IV

The court next considers MC Trilogy's motion for a protective order.

A

MC Trilogy posits that Heath's RFPs relating to the Trilogy Development as a whole are too broad because this case focuses on Heath's land use decisions that apply only to the Heath Portion.[5] Determining whether a zoning regulation unreasonably interferes with a landowner's right to use and enjoy its property requires courts first to determine the relevant parcel of land. *See, e.g.*, *Murr v. Wisconsin*, 582 U.S. 383, 405-06 (2017). For example, courts consider a regulation's economic impact when resolving a federal takings claim, comparing the value that has been taken from the property with the value that remains. *See Mayhew v. Town of Sunnyvale*, 964 S.W.2d 922, 935-36 (Tex. 1998). Courts cannot

---

[5]According to MC Trilogy, the Heath Portion (or Heath Parcel) consists of about 139 acres of the roughly 890-acre tract of land that it purchased in December 2021.

determine whether value remains in the property without first establishing what parcel and property rights are at issue.

Although a regulatory takings claim cannot be resolved without defining the relevant parcel, the court declines at this time to make a substantive ruling on this issue in the context of MC Trilogy's present discovery motions.[6]  As the case now stands, the court has not considered the merits of the parties' legal arguments concerning how the relevant parcel should be defined.  Moreover, the rules of discovery are necessarily broad to effect their purpose of adequately informing the litigants in civil trials.  *See, e.g.*, *United States v. Holley*, 942 F.2d 916, 924 (5th Cir. 1991).  Considering the context of this discovery motion and the principles justifying the discovery rules, the court concludes that Heath's RFPs are not overly broad merely because they refer to the Trilogy Development as a whole rather than just the Heath Portion.[7]

---

[6]Substantive decisions are often better made when addressing motions to dismiss for failure to state a claim, for judgment on the pleadings, for summary judgment, or, at trial, for judgment as a matter of law, which are governed by more precise substantive standards than those that control decisions about discovery.

[7]Like all Federal Rules of Civil Procedure, the discovery provisions "are subject to the injunction of Rule 1 that they be construed to secure the just, *speedy*, and *inexpensive* determination of every action." *Herbert v. Lando*, 441 U.S. 153, 177 (1979) (internal quotation marks omitted).  To that end, the court will not "hesitate to exercise appropriate control over the discovery process," applying Rule 26(b)(1) to require that material sought in discovery be "relevant," and Rule 26(c) to confer protection on a party or person from annoyance, embarrassment, oppression, or undue burden or expense.  *Id.*

B

MC Trilogy contends that Heath's RFPs are unduly burdensome because they are "unlimited by time or persons involved, or even the transaction and ownership" disputed in this case. P. Br. (ECF No. 86) at 8. Heath acknowledges that its "requests might be facially overbroad if it were requesting information related to different developments" but the RFPs are "plainly limited to the Trilogy Lakes development, and MC Trilogy should fully comprehend what that does and does not entail." D. Resp. (ECF No. 116) at 11. Heath also maintains that the time frame is not "difficult to understand" because "MC Trilogy knows when it submitted plats to Heath and it knows when it submitted similar items to [McLendon]." *Id.* at 11-12.

Heath fails to recognize that it served the subpoenas on three non-parties, not MC Trilogy; however, MC Trilogy does not offer any evidence revealing the nature of the burden on the three non-parties. Although Republic Title timely objected to the subpoena served on it, Republic Title and Heath filed on October 6, 2023 an agreed stipulation regarding the subpoena's scope. And First United and Beaird have not even objected. The subpoenaed non-parties are better positioned to understand whether a subpoena imposes an undue burden on *them*. Accordingly, the court concludes that MC Trilogy has failed to demonstrate that Heath's RFPs impose an undue burden on the subpoenaed non-parties.

C

MC Trilogy posits that its actions "scouting, financing, underwriting, or otherwise facilitating the Trilogy Project are not at issue in this lawsuit . . . [and] are wholly irrelevant.

- 9 -

P. Br. (ECF No. 86) at 8. Heath maintains that the financial documents and business records are relevant to establish whether MC Trilogy had reasonable investment-backed expectations and just compensation damages. A party's reasonable investment-backed expectations focus on the property's existing and permitted uses at the time of the taking, which are determined by the regulatory environment in place. *See, e.g.*, *Mayhew*, 964 S.W.2d at 936 (first citing *Penn Cent. Transp. Co. v. City of New York*, 438 U.S. 104, 136 (1978); and then citing *Lucas v. S.C. Coastal Council*, 505 U.S. 1003, 1017 n.7 (1992) (holding that owner's reasonable expectations are shaped by uses permitted by state law)). Courts consider the parties' "knowledge of existing zoning." *Id.* The parties do not address how a property's fair market value may be relevant to the parties' knowledge of existing zoning. Nonetheless, fair market value is relevant to just compensation damages.

Under the Fifth Amendment, there can be no taking without just compensation. U.S. Const. amend. V. When determining what constitutes "just" compensation in a particular case, the Supreme Court has used the property's fair market value as if it were sold to a willing buyer from a willing seller at its highest and best use. *See, e.g.*, *Olson v. United States*, 292 U.S. 246, 255-56 (1934). Accordingly, the court concludes that the property's fair market value is relevant to the claims in this case.[8]

---

[8] In the context of this discovery motion, the court need not decide how the parties must calculate just compensation damages. Generally, the best fair market value proof is evidence of comparable sales, and "comparability is largely a function of three variables: characteristics of the properties, their geographic proximity to one another, and the time differential." *United States v. 320.0 Acres of Land*, 605 F.2d 762, 798 (5th Cir. 1979). Moreover, the Fifth Circuit does not distinguish between damage awards given in 42 U.S.C.

D

MC Trilogy maintains that the Heath subpoenas constitute "invasive harassment." P. Br. (ECF No. 86) at 8. It contends that the requests "prob[e] every minute financial detail of the [Trilogy Development]" even though such financial information "cannot sufficiently inform this case." *Id.* Heath posits that a fair market value analysis requires "a view of the premises and their surroundings, a description of the physical characteristics of the property . . . in relation to points of importance in the neighborhood, and the price at which similar neighboring land has sold at about the time of taking." D. Resp. (ECF No. 116) at 8 (emphasis omitted) (quoting *United States v. 25.02 Acres of Land*, 495 F.2d 1398, 1400 (10th Cir. 1974)). Heath does not address why it needs MC Trilogy's personal financial and business records to discover such information, which is either in Heath's possession already or is subject to an independent investigation. For example, Heath may consult the Trilogy Development's concept plan to gain a view of the premises or a description of the Heath Portion in relation to the neighborhood's important points or hire an appraiser to determine the value of the land and comparable sales. But the court does not find that Heath's conduct constitutes purposeful harassment that justifies a protective order.[9] Moreover, to the extent

---

§ 1983 and inverse condemnation actions, with the exception of attorneys' fees. *See, e.g.*, *Hernandez v. City of Lafayette*, 643 F.2d 1188, 1200 (5th Cir. Unit A June 1981).

[9]The court need not address MC Trilogy's brief, passing statements that the discovery is not proportional to the needs of the case because these statements do not establish a complete argument. Moreover, the Federal Rules of Civil Procedure do not allow a resisting party to "refuse discovery simply by making a boilerplate objection that [the requested discovery] is not proportional." *Carr v. State Farm Mut. Auto. Ins. Co.*, 312 F.R.D. 459, 467

that the subpoenas require production of confidential or proprietary information, the parties' stipulated protective order (ECF No. 66)—which the court entered on July 27, 2023 and has not modified—protects confidential development information. Accordingly, the court finds that MC Trilogy has failed to establish good cause to enter a protective order, and it denies MC Trilogy's motion.

* * *

For the reasons explained, the court denies MC Trilogy's motion to quash or modify and its motion for protective order.

**SO ORDERED**.

October 24, 2023.

_____
SIDNEY A. FITZWATER
SENIOR JUDGE

---

(N.D. Tex. 2015) (Horan, J.).