IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| MC TRILOGY TEXAS, LLC, § | |
| § | |
| Plaintiff, § | |
| § | |
| VS. § | Civil Action No. 3:22-CV-2154-D |
| § | |
| CITY OF HEATH, TEXAS, § | |
| § | |
| Defendant. § | |

MEMORANDUM OPINION
AND ORDER

In this action challenging a municipality's land use decisions, non-party the City of McLendon-Chisholm, Texas ("McLendon") and plaintiff MC Trilogy Texas, LLC ("MC Trilogy") move under Fed. R. Civ. P. 45(d)(3)(A)(iv) in separate motions for relief from a subpoena *duces tecum* served by defendant the City of Heath, Texas ("Heath"). McLendon moves to quash the subpoena, and MC Trilogy moves to quash or modify the subpoena and for a protective order. MC Trilogy also moves to quash or modify and for a protective order regarding four other non-party subpoenas *duces tecum*.[1] Heath's subpoenas served on McLendon and the four other non-parties seek the production of documents regarding the Trilogy Development's water and sewer services. Heath opposes the motions. For the reasons explained, the court denies McLendon's motion to quash but imposes a meet and confer requirement, and denies MC Trilogy's motions to quash or modify and for a protective

---

[1]The subpoenaed non-parties are the City of Terrell, Texas, North Texas Municipal Water District, RCH Water Supply Corporation, and Rockwall County Municipal Utility District No. 10.

order.

I

This discovery dispute involves non-party subpoenas *duces tecum* seeking production of documents regarding the Trilogy Development's water and sewer services.[2] McLendon objected to Heath's requests for production ("RFPs"), maintaining that they impose an undue burden because Heath's RFPs are neither limited in time nor relevant to the case and can be obtained from a more convenient, less burdensome, less expensive source (MC Trilogy); and McLendon employs three full-time staff members, only one of whom is responsible for the city's document and record retention.[3] MC Trilogy seeks relief in support of McLendon, maintaining that Heath's RFPs impose an undue burden on McLendon because they are neither limited in time nor relevant to the case.[4] Heath opposes the motions.

---

[2]The court assumes the parties' familiarity with its prior memorandum opinions and orders. *See MC Trilogy Tex., LLC v. City of Heath*, ___ F.Supp.3d ___, 2023 WL 2544308, at *1 (N.D. Tex. Mar. 16, 2023) (Fitzwater, J.); *MC Trilogy Tex., LLC v. City of Heath*, 2023 WL 3635639, at *1 (N.D. Tex. May 24, 2023) (Fitzwater, J.); *MC Trilogy Tex., LLC v. City of Heath*, 2023 WL 5918925, at *1 (N.D. Tex. Sept. 11, 2023) (Fitzwater, J.); *MC Trilogy Tex., LLC v. City of Heath*, 2023 WL 6333115, at *1 (N.D. Tex. Sept. 28, 2023) (Fitzwater, J.); *MC Trilogy Tex., LLC v. City of Heath*, 2023 WL 7004442, at *1 (N.D. Tex. Oct. 24, 2023) (Fitzwater, J.).

[3]Although the court will decide McLendon's motion to quash, it notes that the motion does not contain a certificate of conference. Counsel are reminded that N.D. Tex. Civ. R. 7(a) obligates them to attempt to confer before filing such a motion. *See also* Rule 26(c)(1) (motion for protective order) and Rule 37(a)(1) (motion to compel), which contain similar conference requirements.

[4]The court does not decide whether MC Trilogy has standing under Rule 45 to move to quash or modify the non-party subpoena based on these grounds.

Heath contends that its RFPs are limited in time and relevant in scope and subject matter. According to Heath, the RFPs referring to the Trilogy Development are inherently limited from the time MC Trilogy acquired the real property, and other RFPs are inherently limited in time because of the nature of the parties (for example, subpoenaed non-party Rockwall County Municipal Utility District No. 10 ("Rockwall MUD") was only recently created to assist MC Trilogy in securing the Trilogy Development's utility services). Heath posits that the scope of the RFPs properly includes the entire Trilogy Development rather than just the Heath portion because property appraisers rely on comparable land valuations to determine just compensation damages and discovery on Heath cannot be isolated from discovery on the Trilogy Development; even MC Trilogy's expert relies on the description and purchase price of the Trilogy Development as a whole to explain how the Heath Portion corresponds with the Trilogy Development's overall design and concept; and the RFPs' subject matter (the Trilogy Development's water and sewer services) is also relevant to MC Trilogy's reasonable investment-backed expectations and just compensation damages. Heath opposes McLendon's position that Heath can seek the same production from MC Trilogy.

MC Trilogy also moves in a separate motion to quash and for a protective order from subpoenas *duces tecum* served by Heath on City of Terrell, Texas ("Terrell"), North Texas Municipal Water District ("NTMWD"), RCH Water Supply Corporation ("RCH"), and Rockwall MUD.[5] The subpoenas *duces tecum* seek production concerning the Trilogy

---

[5]Heath served McLendon and Rockwall MUD with identical subpoenas and served Terrell, NTMWD, and RCH with identical subpoenas. Each subpoena seeks production

Development's water and sewer services. MC Trilogy posits similar arguments to those asserted in support of McLendon's motion. MC Trilogy maintains that Heath's RFPs referring to the entire Trilogy Development are not relevant because this case focuses on Heath's land use decisions regarding property located in Heath; that production relating to the Trilogy Development's water and sewer services is not relevant because Heath's RFPs cover real property outside its regulatory reach and include any MC Trilogy property located in McLendon, not just the Trilogy Development; and that Heath's RFPs impose an undue burden on the non-parties because the RFPs are not limited in time or scope.

Heath posits similar arguments to those asserted in response to McLendon and MC Trilogy's prior motions. Heath adds that production regarding the provision of the Trilogy Development's water and sewer services is "clearly pertinent" to property valuations because Trilogy Development's value is "at least somewhat dependent on [MC Trilogy's] ability to provide adequate water and sewer service to the entirety of the development . . . ." D. Resp. (ECF No. 129) at 11. MC Trilogy's retained expert states in his report that his valuations "are predicated upon the assumption that public water and sewer service" is available to the Trilogy Development in "adequate" supply. D. App. (ECF No. 130) at 41.

The court is deciding these motions on the briefs, without oral argument.

---

concerning the provision of water and sewer services.

II

Rule 26(b)(1) provides that a party may obtain discovery of "any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case." Rule 26(b)(1). "Relevancy is broadly construed, and a request for discovery should be considered relevant if there is 'any possibility' that the information sought may be relevant to the claim or defense of any party." *Merrill v. Waffle House, Inc.*, 227 F.R.D. 467, 470 (N.D. Tex. 2005) (Ramirez, J.) (quoting *Sheldon v. Vermonty*, 204 F.R.D. 679, 689 (D. Kan. 2001)).

Rule 45 governs subpoenas to obtain discovery from non-parties. The party issuing the subpoena "must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena." Rule 45(d)(1). Rule 45(d)(3)(A)(iv) requires that, on timely motion, the court must quash or modify a subpoena if it "subjects a person to undue burden." Rule 45(d)(3)(A)(iv). The movant has the burden of proof, *see id.*; *Wiwa v. Royal Dutch Petroleum Co.*, 392 F.3d 812, 818 (5th Cir. 2004) (citing *Williams v. City of Dallas*, 178 F.R.D. 103, 109 (N.D. Tex. 1998) (Fitzwater, J.)), and must meet "the heavy burden of establishing that compliance with the subpoena would be 'unreasonable and oppressive.'" *Williams*, 178 F.R.D. at 109.

"Whether a burdensome subpoena is reasonable 'must be determined according to the facts of the case.'" *Linder v. Dep't of Def.*, 133 F.3d 17, 24 (D.C. Cir. 1998) (internal quotation marks omitted). Among the factors that the court may consider in determining whether there is an undue burden are "relevance, the need of the party for the documents, the

- 5 -

breadth of the document request, the time period covered by it, the particularity with which the documents are described and the burden imposed." *Wiwa*, 392 F.3d at 818. The status of a witness as a non-party entitles the witness to consideration regarding expense and inconvenience. *See* Rule 45(d)(2)(B). Undue burden can be found when a subpoena *duces tecum* is facially overbroad. *See, e.g.*, *Wiwa*, 392 F.3d at 818.

     A party's standing to quash subpoenas served on non-parties pursuant to Rule 45 is limited. The movant must be in possession or control of the requested material; be the person to whom the subpoena is issued; or have a personal right or privilege in the subject matter of the subpoena. *See Brown v. Braddick*, 595 F.2d 961, 967 (5th Cir. 1979). In this context, a party may establish a "personal right" to subpoenaed materials in limited circumstances, including when a subpoena seeks to discover personal bank or employment records, social networking accounts, or email inboxes. *See Crispin v. Christian Audigier, Inc.*, 717 F.Supp.2d 965, 974 (C.D. Cal. 2010) (citing cases). "Privilege" refers to protections afforded by the rules of evidence, including attorney-client privilege and work product protection. *See Mobilitie Mgmt., LLC v. Harkness*, 2018 WL 11364084, at *1 (N.D. Ga. Mar. 12, 2018). "A party challenging a subpoena issued to a non-party may not object on the grounds that it 'violates another person's privacy rights . . . , that the subpoena is overly broad, or that the subpoena seeks information that is irrelevant because only the responding third party can object and seek to quash a Rule 45 subpoena on those grounds." *Deitz v. Performance Food Grp., Inc.*, 2021 WL 2715974, at *1 (W.D. Tex. Apr. 21, 2021) (citing *River House Partners, LLC v. Grandbridge Real Est. Cap. LLC*, 2016 WL 3747613, at *3 (M.D. La. July 11,

2016)). Nonetheless, a party may have standing to move for a protective order under Rule 26(c) . . . even if the party does not have standing under Rule 45. *See, e.g.*, *Field v. Anadarko Petroleum Corp.*, 2020 WL 4937122, at *2 (S.D. Tex. Aug. 24, 2020) (quoting *Bounds v. Cap. Area Fam. Violence Intervention Ctr., Inc.*, 314 F.R.D. 214, 218 (M.D. La. 2016)).

Rule 26(c) provides, in pertinent part: "The court may, for good cause, issue an order to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense[.]" Rule 26(c). The burden is on the movant to show that good cause exists, "which contemplates a particular and specific demonstration of fact as distinguished from stereotyped and conclusory statements." *In re Terra Int'l, Inc.*, 134 F.3d 302, 306 (5th Cir. 1998) (per curiam) (internal quotation marks omitted) (quoting *United States v. Garrett*, 571 F.2d 1323, 1326 n.3 (5th Cir. 1978)). The movant "must show how the requested discovery is overly broad, unduly burdensome, or oppressive by submitting affidavits or offering evidence revealing the nature of the burden." *Samsung Elecs. Am. Inc. v. Yang Kun "Michael" Chung*, 325 F.R.D. 578, 590 (N.D. Tex. 2017) (Horan, J.) (first citing *Merrill*, 227 F.R.D. at 477; and then citing *SEC v. Brady*, 238 F.R.D. 429, 437 (N.D. Tex. 2006) (Ramirez, J.)).

III

The court turns first to McLendon's motion to quash, which presents the question whether Heath's subpoena imposes an undue burden under Rule 45(d)(3)(a)(iv). The court analyzes this motion according to the non-exclusive *Wiwa* factors: "relevance, the need of

the party for the documents, the breadth of the document request, the time period covered by it, the particularity with which the documents are described, and the burden imposed." *Wiwa*, 392 F.3d at 818.

A

Heath's RFPs may be relevant to a claim or defense. McLendon asserts that Heath's RFPs are not relevant because they seek production regarding the entire Trilogy Development when this case focuses on Heath's land use decisions that apply only to the Heath Portion. The court declines to make a substantive ruling that defines the relevant parcel for a regulatory takings claim in the context of a discovery motion. *See MC Trilogy Tex., LLC v. City of Heath (MC Trilogy V)*, 2023 WL 7004442, at *3 (N.D. Tex. Oct. 24, 2023) (Fitzwater, J.). The court has not considered the merits of the parties' legal arguments on the issue, and the rules of discovery are necessarily broad to allow litigants to discover information that may be relevant to a claim or defense. *See id.* McLendon also maintains that Heath's RFPs regarding Rockwall MUD are not relevant, but McLendon does not explain why. Accordingly, the court holds that McLendon has failed to carry its burden, and the relevance factor weighs in favor of requiring production of the subpoenaed materials.

B

Heath's need for the requested material is minimal. McLendon contends that Heath can obtain MC Trilogy's communication with McLendon from MC Trilogy—a party to this case—making the discovery more convenient, less burdensome, and less expensive, and that Heath has had ample opportunity to obtain the information by discovery from MC Trilogy.

Heath responds that it cannot obtain the subpoenaed materials from MC Trilogy because its RFPs seek communications beyond those between McLendon and MC Trilogy. For example, Heath's RFPs seek communications between McLendon and MC Trilogy's predecessor-in-interest (Rockwall MUD) and "other persons" with whom McLendon discussed the Trilogy Development's water and sewer services.

The terms of Heath's RFPs confirm that Heath cannot obtain the subpoenaed production from MC Trilogy. Nonetheless, MC Trilogy can likely provide substantial discovery regarding the Trilogy Development's water and sewer services as it is presumably the primary point of contact for its predecessor-in-interest, Rockwall MUD, and others on the subject. The court therefore finds that Heath's need for the requested material is minimal. Accordingly, the factor that considers the need for discovery weighs against production.

C

McLendon asserts that Heath's RFPs are not limited by time period but concedes that they are limited in scope because Heath only requests documents that McLendon received from MC Trilogy. Heath maintains that the RFPs are limited in time and scope and thus not overbroad.

"By definition" Heath's RFPs referring to the Trilogy Development are limited to the time "MC Trilogy first acquired an interest in the 890-acre parcel" and "began developing it." D. Resp. (ECF No. 121) at 4. And although Heath seeks communications beyond those with MC Trilogy, the RFPs are limited "only to the subject matter of providing water and sewer services to the [Trilogy Development]." *Id.* at 14. But Heath's RFPs do not specify

reasonable restrictions on time, relevant persons with whom McLendon communicated, or particular documentary descriptions. Heath assumes that McLendon—a non-party—will know when MC Trilogy first acquired and developed the parcel because Heath never clarifies when those events occurred. While the court is aware that the 890-acre tract was purchased in December 2021, McLendon may be unaware of this fact. *See MC Trilogy V*, 2023 WL 7004442, at *3 n.5. Additionally, Heath's RFPs seek communications among McLendon and four other parties, with a catch-all request for communications with "any other person." Finally, the scope of the subject matter—"the provision of water and sewer services"—seems potentially quite broad. Heath's RFPs arguably include communications on water and sewer services associated with domestic use, public use, stormwater runoff, and groundwater flow. Considering the potentially broad extent of required production, the court concludes Heath's RFPs are overbroad. Accordingly, the factor that considers the breadth of Heath's RFPs weighs against production.

D

The particularity with which Heath's RFPs describe the documents is neutral.

In addition to the issues regarding the breadth of Heath's RFPs, McLendon maintains that terms like "property" are "the epitome of vague." McL. Mot. to Quash (ECF No. 97) at 5. For example, the subpoena defines "property" as that described in MC Trilogy's complaint. Heath responds that McLendon knows the term "property" refers to the 139 acres of the Trilogy Development located within Heath's city limits.

From McLendon's brief the court can discern that it has actual knowledge of the

- 10 -

term's definition; but Heath could easily have defined the term for McLendon. The "party or attorney *responsible for issuing and serving* a subpoena" is obligated to take "*reasonable steps* to avoid imposing an undue burden or expense *on a person subject to the subpoena*." Rule 45(d)(1) (emphasis added). Accordingly, the factor that considers the particularity with which Heath's RFPs describe the documents is neutral.

E

The court also considers the production's potential expense and inconvenience on McLendon, a non-party. *See* Rule 45(c)(2)(B).

The potential expense and inconvenience to McLendon is great because the city employs only three full-time staff members, only one of whom manages document and record retention.

F

Viewing the *Wiwa* factors holistically, McLendon has shown that the subpoena *duces tecum* imposes an undue burden because, while Heath is seeking at least some relevant information, the need is insufficient, the breadth of the RFPs is too great, and the expense and inconvenience imposed on a small city staff are burdensome. The court therefore concludes that McLendon will face an undue burden if required to comply with the subpoena as now framed.

G

Based on the preference for modifying rather than quashing a subpoena, the court denies the motion to quash. The court orders counsel for the parties to meet and confer

regarding the scope of the subpoena *duces tecum*. In particular, the parties should confer about refining the scope of the subpoena's subject matter and reducing the number of potential persons with whom McLendon communicated. The meeting must occur within 14 days of the date this memorandum opinion and order is filed, and the parties' joint report on the status of their conference must be submitted within 7 days of the date their conference is completed. The court will then consider modifying the scope of any RFP that remains in dispute.

IV

The court next considers MC Trilogy's motion to quash or modify and for a protective order regarding the subpoena *duces tecum* served on McLendon.

A

The court need not address MC Trilogy's motion to quash or modify insofar as it is mooted by the court's decision *supra* § III.

B

Alternatively, MC Trilogy moves for a protective order prohibiting discovery of Heath's RFPs served on McLendon. To obtain a protective order, MC Trilogy must demonstrate that good cause exists based on particular and specific facts showing how the requested discovery is overly broad, unduly burdensome, or oppressive. *See In re Terra Int'l, Inc.*, 134 F.3d at 306. MC Trilogy has failed to carry its burden. MC Trilogy merely asserts that Heath's subpoenas are "intended to harass, annoy[,] and cause undue burden and expense to [MC Trilogy] by seeking irrelevant and overly broad discovery from non-parties,

such that [MC Trilogy] is required to expend time and resources addressing the same improper conduct . . . ." P. Br. (ECF No. 99) at 9. MC Trilogy does not offer *any* evidence demonstrating Heath's "intent to harass, annoy[,] and cause undue burden" on MC Trilogy by seeking discovery from multiple non-parties or *any* evidence demonstrating expense. Additionally, there is already a protective order in place (ECF No. 66) that covers privacy issues arising from this case, including those related to MC Trilogy's confidential business information. Accordingly, the court concludes that MC Trilogy has failed to establish good cause to enter a protective order, and it denies MC Trilogy's motion.

V

The court now considers MC Trilogy's motion to quash or modify and for a protective order regarding the subpoenas *duces tecum* served on Terrell, NTMWD, RCH, and Rockwall MUD.

A

The court considers as a threshold matter whether MC Trilogy has standing to move to quash or modify the non-party subpoenas served on Terrell, NTMWD, RCH, and Rockwall MUD. MC Trilogy is not the person on whom the subpoenas were served and does not possess or control the requested material or assert a privilege afforded by the rules of evidence. MC Trilogy bases standing on a personal right, relying on its ownership of the real property at issue and the nature of the requests, which it maintains suggests that Heath's RFPs seek information "concerning MC Trilogy, including potentially proprietary and confidential information." P. Br. (ECF No. 103) at 6.

Unlike in *MC Trilogy V*, where the terms of the subpoenas served on the non-parties sought sensitive financial information, it is not obvious that the subpoenas at issue here seek MC Trilogy's private information. *See MC Trilogy V*, 2023 WL 7004442, at *2. MC Trilogy also suggests some uncertainty regarding the sensitive nature of the production, acknowledging that the subpoenas may "*potentially*" include MC Trilogy's proprietary and confidential information. P. Br. (ECF No. 103) at 6 (emphasis added). The court concludes that MC Trilogy does not have standing to move to quash or modify the non-party subpoenas *duces tecum*. Accordingly, the court denies MC Trilogy's motion to quash or modify.

B

Alternatively, MC Trilogy moves for a protective order prohibiting the discovery sought in Heath's RFPs served on Terrell, NTMWD, RCH, and Rockwall MUD. MC Trilogy asserts good cause on the ground that the RFPs seek irrelevant production, including: information regarding water and sewer services to McLendon; information regarding the Trilogy Development as a whole rather than just the Heath Portion; and actions not specifically related to the character of Heath's land use decisions.

MC Trilogy has failed to carry its burden because it offers no specific evidence demonstrating how Heath's RFPs annoy, embarrass, oppress, or impose an undue burden or expense on MC Trilogy. And as noted above, there is already a protective order in place (ECF No. 66) that covers privacy issues arising from this lawsuit, including those related to MC Trilogy's confidential business information. Accordingly, the court concludes that MC

Trilogy has failed to establish good cause to enter a protective order, and it denies MC Trilogy's motion.

\* \* \*

For the reasons explained, the court denies McLendon's motion to quash but imposes a meet and confer requirement; denies MC Trilogy's motion to quash or modify and for a protective order regarding the subpoena *duces tecum* served on McLendon; and denies MC Trilogy's motion to quash or modify and for a protective order regarding the subpoena *duces tecum* served on Terrell, NTMWD, RCH, and Rockwall MUD.

**SO ORDERED**.

November 1, 2023.

_____
SIDNEY A. FITZWATER
SENIOR JUDGE