IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| MC TRILOGY TEXAS, LLC, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| VS. | § | Civil Action No. 3:22-CV-2154-D |
| | § | |
| CITY OF HEATH, TEXAS, | § | |
| | § | |
| Defendant. | § | |

MEMORANDUM OPINION
AND ORDER

The court in *MC Trilogy Tex., LLC v. City of Heath*, 2023 WL 7190652, at *1 (N.D. Tex. Nov. 1, 2023) (Fitzwater, J.), ordered that defendant the City of Heath, Texas ("Heath") and non-party the City of McLendon-Chisholm, Texas ("McLendon") meet and confer regarding the scope of Heath's subpoena *duces tecum* served on McLendon. In response, the parties have submitted a joint status report describing the remaining discovery disputes. Having reviewed the joint status report, the court orders that the subpoena *duces tecum* be modified to limit the scope of discovery to the period January 1, 2020 to the present.

In the Fifth Circuit, "a party who opposes its opponent's request for production [must] 'show specifically how . . . each [request] is not relevant or how each [request] is overly broad, burdensome or oppressive.'" *Merrill v. Waffle House, Inc.*, 227 F.R.D. 475, 477 (N.D. Tex. 2005) (Lynn, J.) (second alteration in original) (quoting *McLeod, Alexander, Powel & Apffel, P.C. v. Quarles*, 894 F.2d 1482, 1485 (5th Cir. 1990)); *see also Orchestrate HR, Inc. v. Trombetta*, 178 F.Supp.3d 476, 506 (N.D. Tex. 2016) (Horan, J.). "Importantly, the Fifth Circuit applied this standard even when the relevance of the disputed discovery

requests was not readily apparent to the trial court." *Merrill*, 227 F.R.D. at 477. McLendon, as the person resisting discovery, bears the burden to establish that the information sought is not relevant or proportional to the needs of the case.

But McLendon makes no argument establishing that discovery from January 1, 2020 to the present is not relevant or proportional to the needs of the case. McLendon only asserts that the subpoena *duces tecum* should be limited in time from October 2020 to November 2021. Because McLendon has failed to satisfy its burden to show that the requested discovery exceeds the scope permitted under Rule 26(b)(1), the court orders that the subpoena *duces tecum* be modified to limit the scope of discovery to the period January 1, 2020 to the present.

**SO ORDERED**.

December 11, 2023.

_____
SIDNEY A. FITZWATER
SENIOR JUDGE