IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| MC TRILOGY TEXAS, LLC, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| VS. | § | Civil Action No. 3:22-CV-2154-D |
| | § | |
| CITY OF HEATH, TEXAS, | § | |
| | § | |
| Defendant. | § | |

MEMORANDUM OPINION
AND ORDER

In *MC Trilogy Tex., LLC v. City of Heath* ("*MC Trilogy III*"), 2023 WL 5918925, at

*1 (N.D. Tex. Sept. 11, 2023) (Fitzwater, J.), the court in addressing the non-party city

officials' motion to quash and for a protective order Fed. R. Civ. P. 45(d)(3)(A)(iii) and (iv)

ordered that plaintiff MC Trilogy Texas, LLC ("MC Trilogy") and the non-party city

officials meet and confer regarding the scope of MC Trilogy's requests for production

("RFPs") Nos. 7-15 served on the non-party city officials. The parties have submitted a joint

status report describing the remaining discovery disputes. For the reasons that follow, the

court orders that RFPs Nos. 7-15 be modified or quashed as set out in § VI.

I

In *MC Trilogy III* three categories of disputed RFPs that MC Trilogy served on non-

party city officials[1] were at issue. *See id.* at *7. The court ordered the parties to meet and

---

[1]The subpoenaed non-parties are all individuals who served as members of the City
of Heath City Council or the City of Heath Planning and Zoning Commission at the time of
the alleged conduct. The individuals include Brent Weaver, Donna Rolater, Frank New,

confer regarding the scope of two categories. *See id.* at *7-8. The first category of RFPs (Nos. 7, 8, 9, 11, 14, and 15) concerns information relating to the McLendon-Chisholm Portion Trilogy Development, the Rockwall County Municipal Utility District No. 10 ("Rockwall MUD"), and the Trilogy Development as a whole. The second category of RFPs (Nos. 10, 12, and 13) concerns information relating to the non-party city officials' telephone records. *See id.* The court now modifies or quashes disputed RFPs Nos. 7-15.

II

Rule 26(b)(1) provides that a party may obtain discovery of "any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case[.]" Rule 26(b)(1). "Relevancy is broadly construed, and a request for discovery should be considered relevant if there is 'any possibility' that the information sought may be relevant to the claim or defense of any party." *Merrill v. Waffle House, Inc.*, 227 F.R.D. 467, 470 (N.D. Tex. 2005) (Ramirez, J.) (quoting *Sheldon v. Vermonty*, 204 F.R.D. 679, 689 (D. Kan. 2001)).

In the Fifth Circuit, "a party who opposes its opponent's request for production [must] 'show specifically how . . . each [request] is not relevant or how each [request] is overly broad, burdensome or oppressive.'" *Merrill v. Waffle House, Inc.*, 227 F.R.D. 475, 477 (N.D. Tex. 2005) (Lynn, J.) (second alteration in original) (quoting *McLeod, Alexander, Powel & Apffel, P.C. v. Quarles*, 894 F.2d 1482, 1485 (5th Cir. 1990)); *see also Orchestrate*

---

Harry Heinkele, Jim Chester, Joe Ruszkiewiez, James Tunnell, Paul Ruff, Rich Krause, Robert Shaw, Thomas Bishop, Wayne Gordon, Kelson Elam, and Sharon Caldwell.

*HR, Inc. v. Trombetta*, 178 F.Supp.3d 476, 506 (N.D. Tex. 2016) (Horan, J.) ("[T]he amendments to Rule 26(b) and Rule 26(c)(1) do not alter the basic allocation of the burden on the party resisting discovery to—in order to successfully resist a motion to compel—specifically object and show that the requested discovery does not fall within Rule 26(b)(1)'s scope of relevance (as now amended) or that a discovery request would impose an undue burden or expense or is otherwise objectionable." (citations omitted)). "Importantly, the Fifth Circuit applied this standard even when the relevance of the disputed discovery requests was not readily apparent to the trial court." *Merrill*, 227 F.R.D. at 477. The non-party city officials, as the persons resisting discovery, bear the burden to establish that the information sought is not relevant or proportional to the needs of the case.

### III

The court begins with the parties' remaining dispute regarding the scope of RFPs Nos. 7, 8, 9, and 11.[2]

---

[2]RFP No. 7 requests that the non-party city officials produce "all communications between You and any other Person relating to the McLendon-Chisholm Portion Trilogy Development." P. App. (ECF No. 59) at 78, Ex. E. RFP No. 8 requests that the non-party city officials produce "all notes prepared by You or provided to You relating to the McLendon-Chisholm Portion Trilogy Development, including all such notes prepared by You or provided to You at any meeting of the Planning and Zoning Commission where the McLendon-Chisholm Portion Trilogy Development was considered or discussed." *Id.* at 79. RFP No. 9 requests that the non-party city officials produce "all Communications between You and any other Person relating to the Trilogy Development." *Id.* RFP No. 11 requests that the non-party city officials produce "all instant messages, text messages, emails, chats, voice recordings, and any other documents in any way memorializing any Communications between You and any other Person relating to the Trilogy Development." *Id.*

A

The parties dispute whether RFPs Nos. 7, 8, 9, and 11 are reasonable in terms of time.

The non-party city officials contend that RFPs Nos. 7, 8, 9, and 11 should be limited in time from June 1, 2021 to September 30, 2022 because, according to MC Trilogy's amended complaint, Heath's last official act concerning MC Trilogy occurred in mid-September 2022. They maintain that the date of Heath's last official act should govern discovery of the non-party city officials in their individual capacities because inquiry into their personal views and underlying motivations is inappropriate and beyond the proper scope of discovery. MC Trilogy posits that RFPs Nos. 7, 8, 9, and 11 should be limited from June 1, 2021 to the present because the "arbitrary" character of Heath's actions is informed by discovery occurring on, before, or after Heath's relevant actions.

The court concludes that RFPs Nos. 7, 8, 9, and 11 should be limited in time from June 1, 2021 to September 30, 2022. As the non-party city officials point out, "generally, the personal views and underlying motives of legislators in carrying out their legislative function and in adopting general policies and rules fall beyond the reach of judicial scrutiny." *E. High Gay/Straight All. v. Bd. of Educ. of Salt Lake City Sch. Dist.*, 81 F.Supp.2d 1199, 1204 (D. Utah 1999); *see also Three Expo Events, LLC v. City of Dallas*, 182 F.Supp.3d 614, 629 (N.D. Tex. 2016) (Fitzwater, J.). Although some discovery of the non-party city officials' motives, impressions, and/or opinions of legislative actions is permitted in this case, discovery extending up to the present is too far removed in time from the date the non-party city officials disapproved MC Trilogy's plat to be relevant and proportional to the needs of

- 4 -

MC Trilogy's claims.[3]

Moreover, "[i]n deciding whether a request comes within the discovery rules, a court is not required to blind itself to the purpose for which the party seeks information." *Oppenheimer Fund, Inc. v. Sanders*, 437 U.S. 340, 352 n. 17 (1978).  Here, MC Trilogy seeks discovery of the non-party city officials' communications, notes, text messages, emails, and more for the purpose of proving "the character of [Heath's] actions and its ongoing actions (up to present) taken to target the Trilogy Development."  J. Status Rep. (ECF No. 164) at 2.  But none of MC Trilogy's claims requires it to prove scienter.  *See MC Trilogy III*, 2023 WL 5918925, at *5 ("The 'character' of the governmental action refers to the type of regulation at the heart of the underlying takings claim.").  The court thus concludes that the non-party city officials have satisfied their burden to show that the requested discovery goes beyond Rule 26(b)(1), and the court orders that RFPs Nos. 7, 8, 9, and 11 be limited in time from June 1, 2021 to September 30, 2022.

B

The parties also dispute the relevant persons limitation of RFPs Nos. 7, 9, and 11.  The non-party city officials maintain that RFPs Nos. 7, 9, and 11 should not include discovery with Rockwall, Texas city and county officials, state representatives, and state regulatory

---

[3]Some discovery containing the non-party city officials' motives, impressions, and/or opinions of legislative actions is permitted in this case because the non-party city officials waived legislative privilege in response to some document requests by failing to assert the privilege expressly.  *See MC Trilogy III*, 2023 WL 5918925, at *7.  But "[t]he disclosure is nonetheless limited to the extent it poses an undue burden or is covered by attorney–client privilege or work product protection."  *Id.*

officials (collectively, "Rockwall city officials") because these persons were not involved in the land use decisions underlying MC Trilogy's amended complaint.  And they posit that what the communications may or may not reveal regarding an individual council member's personal feelings is not relevant.  MC Trilogy counters that RFPs Nos. 7, 9, and 11 should include communications between the non-party city officials and "officials in surrounding communities" because this discovery "is relevant to a fair and just consideration" of what Heath considered when making its land use decisions and the character of Heath's actions.

The court concludes that RFPs Nos. 7, 9, and 11 should not include Rockwall city officials as relevant persons.  An individual legislator's personal feelings or motives are not relevant to this case because MC Trilogy's claims do not require it to prove scienter.  *See MC Trilogy III*, 2023 WL 5918925, at \*5.  And "even in cases where legislative motive is relevant to the merits of a claim, courts have observed that 'it is the motivation of the entire legislature, not the motivation of a handful of voluble members[] that is relevant." *Citizens Union of City of N.Y. v. Att'y Gen. of N.Y.*, 269 F.Supp.3d 124, 147 (S.D.N.Y. 2017) (quoting *S.C. Edu. Ass'n v. Campbell*, 883 F.2d 1251, 1262 (4th Cir. 1989) (determining the "collective motivation of legislatures" based upon the statements of a few individuals "is a perilous enterprise indeed")).  In *MC Trilogy III* this court acknowledged that it is the regulation itself that best evidences what Heath considered when making its land use decisions and the character of Heath's actions.  *See MC Trilogy III*, 2023 WL 5918925, at \*5 ("The 'character' of the governmental action refers to the type of regulation at the heart of the underlying takings claim."); *see id.* ("Plaintiffs in factually similar cases used publicly

available documents to prove the city considered more than the laws in effect at the time [to prove a Texas Local Government Code Chapter 245 claim]."); *see also Utah Republican Party v. Herbert*, 2015 WL 1851387, at *2 (D. Utah Apr. 22, 2015) (holding that discovery into the purpose behind a state statute was not relevant under Rule 26(b)(1) but, even if it were, the best sources of evidence exist in the public record). The court concludes that the non-party city officials have satisfied their burden to show that the requested discovery goes beyond Rule 26(b)(1), and the court orders that the scope of RFPs Nos. 7, 9, and 11 does not include Rockwall city officials as relevant persons.

IV

The court next considers the parties' remaining dispute regarding RFPs Nos. 14 and 15.[4]

A

The court must first determine whether any limitation on scope (time, relevant persons, or particular documentary description) would prevent RFPs Nos. 14 and 15 from seeking irrelevant or unduly burdensome discovery. The non-party city officials maintain that RFPs Nos. 14 and 15 should be quashed because MC Trilogy's amended complaint makes no allegations or claims relating to Rockwall MUD; MC Trilogy's amended complaint

---

[4]RFP No. 14 requests that the non-party city officials produce "all Communications between You and any other Person relating to the [Rockwall MUD]." P. App. (ECF No. 59) at 79, Ex. E. RFP No. 15 requests that the non-party city officials produce "all notes prepared by You or provided to You relating to the [Rockwall MUD], including all such notes prepared by You or provided to You at any meeting of the City Council where the [Rockwall MUD] was considered or discussed." *Id.*

makes no allegations relating to the non-party city officials' involvement with Rockwall MUD; and MC Trilogy does not identify how the non-party city officials' individual opinions regarding Rockwall MUD are relevant to the claims or defenses asserted in this lawsuit.

The non-party city officials have not satisfied their burden to show that the requested discovery goes beyond the scope of Rule 26(b)(1). First, in the Fifth Circuit, the burden is on the party opposing the discovery—here, the non-party city officials—"'to show specifically how . . . each [request] is not relevant or how each [request] is overly broad, burdensome or oppressive.'" *Merrill*, 227 F.R.D. at 477. The non-party city officials incorrectly place the burden on MC Trilogy to identify how their opinions regarding Rockwall MUD are relevant to this action's claims or defenses.

Second, under Rule 26(b)(1), "[p]arties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case[.]" Rule 26(b)(1). The court will not quash RFPs Nos. 14 and 15 merely because MC Trilogy's amended complaint does not make allegations relating to Rockwall MUD or the non-party city officials' involvement with Rockwall MUD.

Third, in the context of other discovery disputes, this court has modified rather than quashed RFPs that seek discovery regarding the Trilogy Development's water and sewer services (including discovery on Rockwall MUD) because, in part, it may be relevant to a claim or defense. *See MC Trilogy Tex., LLC v. City of Heath*, 2023 WL 7190652, at *4 (N.D. Tex. Nov. 1, 2023) (Fitzwater, J.). The court concludes that the non-party city officials

have not satisfied their burden to show that the requested discovery goes beyond Rule 26(b)(1), and the court denies their request to quash RFPs Nos. 14 and 15.

B

The non-party city officials provide no other reason why MC Trilogy's requests (limits on time, relevant persons, and particular documentary description) seek discovery that is not relevant or unduly burdensome. Because it is the non-party city officials' burden to establish that the information sought is not relevant or proportional to the needs of the case, and the non-party city officials have failed to carry that burden, the court orders that RFPs Nos. 14 and 15 be modified according to MC Trilogy's requests. In particular, the court orders that RFPs Nos. 14 and 15 be limited in time from December 1, 2021 to the present. The court also orders that RFPs Nos. 14 and 15 include the following persons: any member of Heath's City Council, Planning and Zoning Commission, or City staff, any member of McLendon-Chisholm's City Council, Planning and Zoning Commission, and City staff, and any Rockwall City and County officials, state representatives, and state regulatory officials.[5] Finally, the court orders that RFPs Nos. 14 and 15 be limited to particular documents to relating to the creation, interference, or dissolution of Rockwall MUD.

---

[5]The court does not exclude the possibility that these third parties may move to quash or modify the RFPs if they can establish that the information sought is "privileged or other protected matter." *Sully v. Freeman*, 2017 WL 3457123, at *1 (W.D. Tex. Feb. 1, 2017).

V

The court next considers the parties' remaining dispute as to RFPs Nos. 10, 12, and

13.[6]

The non-party city officials maintain that RFPs Nos. 10, 12, and 13 are not relevant

because the text message and telephone logs would only provide the number of the sender

and recipient and would not detail the contents or subject matter of any requested

communications[7]; that because the non-party city officials are allowed to communicate with

one another, the information serves no purpose; and that RFPs Nos. 10, 12, and 13 also

impose an undue burden because it will be necessary for the non-party city officials to

expend time redacting requested text message or telephone logs.

MC Trilogy contends that RFPs Nos. 10, 12, and 13 are relevant to prove what Heath

considered when making its land use decisions and MC Trilogy's state-law claims, and that

_____

[6]RFP No. 10 requests that the non-party city officials produce "Documents sufficient
to identify all mobile phones You used between the time period beginning January 1, 2021,
to September 27, 2022, including but not limited to mobile phone number(s),
manufacturer(s), model number(s), and serial number(s)."  P. App. (ECF No. 59) at 79, Ex.
E.  RFP No. 12 requests that the non-party city officials produce "Documents sufficient to
evidence a log or list of text messages being sent from or received on Your mobile phone
number(s) between the time period beginning January 1, 2021, to September 27, 2022,
including the number(s) or other identifying information of the device that such text
messages were received from or sent to."  *Id.*  RFP No. 13 requests that the non-party city
officials produce "documents sufficient to evidence a log or list of any phone calls to or from
Your mobile phone number between the time period beginning January 1, 2021, to
September 27, 2022."  *Id.*

[7]The court will not modify RFP No. 12 to request all "text messages" rather than
"documents sufficient to evidence a log or list of text messages."

- 10 -

the requests, as narrowed, do not impose an undue burden on the non-party city officials.

The court finds that the text message and telephone logs will not produce relevant information relating to any party's claims or defense.  And while the discovery of the text message and telephone logs might provide the exact timing of a text message or telephone call, the precise timing of the non-party city officials' communications is not important to resolving this dispute, and the burden or expense outweighs its nominal benefit.  The non-party city officials have satisfied their burden to show that the requested discovery goes beyond the scope of Rule 26(b)(1), and the court orders that RFPs Nos. 10, 12, and 13 be quashed.

VI

In summary, RFPs Nos. 7, 8, 9, and 11 are modified to limit the period of discovery from June 1, 2021 to September 30, 2022 and to preclude Rockwall city officials as relevant persons.

RFPs Nos. 14 and 15 are modified to limit the period of discovery from December 1, 2021 to the present; to include the following relevant persons: any member of Heath's City Council, Planning and Zoning Commission, or City staff, any member of McLendon-Chisholm's City Council, Planning and Zoning Commission, and City staff, and any Rockwall City and County officials, state representatives, and state regulatory officials; and, to particular documents relating to the creation, interference, or dissolution of Rockwall MUD.

RFPs Nos. 10, 12, and 13 are quashed.

- 11 -

* * *

For the reasons explained, the court grants the motion of the non-party city officials under Rule 45(d)(3)(A)(iii) and (iv) to quash and for a protective order to the extent that it orders that RFPs Nos. 7-15 be modified or quashed as set forth in § VI.

**SO ORDERED**.

December 11, 2023.

_____
SIDNEY A. FITZWATER
SENIOR JUDGE

- 12 -