IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| MC TRILOGY TEXAS, LLC, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| VS. | § | Civil Action No. 3:22-CV-2154-D |
| | § | |
| CITY OF HEATH, TEXAS, | § | |
| | § | |
| Defendant. | § | |

MEMORANDUM OPINION
AND ORDER

Plaintiff MC Trilogy Texas, LLC's ("MC Trilogy's") October 2 and October 3, 2023 motions to quash or modify subpoenas *duces tecum* served on non-party the City of Rockwall, Texas ("Rockwall") and non-party Kimley-Horn and Associates, Inc. ("Kimley-Horn") and motions for protective orders are denied.

MC Trilogy does not have standing to quash or modify the non-party subpoenas *duces tecum*. To have standing under Fed. R. Civ. P. 45, the movant must possess or control the requested material, be the person to whom the subpoena is issued, or have a personal right or privilege in the subject matter of the subpoena. *See Brown v. Braddick*, 595 F.2d 961, 967 (5th Cir. 1979). MC Trilogy bases standing for its motion to quash or modify the subpoena *duces tecum* served on Rockwall on a personal right. MC Trilogy relies on its ownership of the real property at issue and the nature of the requests, which it maintains suggests that defendant City of Heath, Texas's ("Heath's") requests for production ("RFPs") seek information "concerning MC Trilogy, including potentially proprietary and confidential information." It is not obvious that the subpoena seeks MC Trilogy's private information,

and MC Trilogy also suggests some uncertainty regarding the sensitive nature of the production, acknowledging that the subpoenas may "*potentially*" include MC Trilogy's proprietary and confidential information. P. Br. (ECF No. 149) at 7 (emphasis added); *see also MC Trilogy Tex., LLC v. City of Heath*, 2023 WL 7190652, at *6 (N.D. Tex. Nov. 1, 2023) (Fitzwater, J.). Regarding the subpoena *duces tecum* served on Kimley-Horn, MC Trilogy asserts no basis for standing. It is not obvious that the subpoena seeks MC Trilogy's private information—in fact, MC Trilogy states that it "has not contracted for or received any services from Kimley-Horn in connection with the Trilogy [D]evelopment." P. Br. (ECF No. 152) at 3. MC Trilogy has therefore failed to demonstrate that it has standing to move to quash or modify the non-party subpoenas *duces tecum*.

MC Trilogy also does not assert a proper basis for a protective order prohibiting the discovery sought in Heath's RFPs served on Rockwall or Kimley-Horn. "A party [may have] standing to move for a protective order [under] Rule 26(c) . . . even if the party does not have standing [under] Rule 45." *Field v. Anadarko Petroleum Corp.*, 2020 WL 4937122, at *2 (S.D. Tex. Aug. 24, 2020) (quoting *Bounds v. Cap. Area Fam. Violence Intervention Ctr., Inc.*, 314 F.R.D. 214, 218 (M.D. La. 2016)). Rule 26(c) provides, in pertinent part: "The court may, for good cause, issue an order to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense[.]" Rule 26(c)(1). But in both motions MC Trilogy moves for a protective order on the basis that Heath's RFPs seek information that is not relevant. Irrelevance is not a proper basis for the court to issue a protective order. The court concludes that MC Trilogy has failed to establish good cause to

enter a protective order for Rockwall or Kimley-Horn.

Accordingly, the court denies MC Trilogy's October 2 and October 3, 2023 motions.

**SO ORDERED**.

December 11, 2023.

_____
SIDNEY A. FITZWATER
SENIOR JUDGE