IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| MC TRILOGY TEXAS, LLC, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| VS. | § | Civil Action No. 3:22-CV-2154-D |
| | § | |
| CITY OF HEATH, TEXAS, | § | |
| | § | |
| Defendant. | § | |

MEMORANDUM OPINION
AND ORDER

In this action challenging a municipality's land use decisions, defendant the City of Heath, Texas ("Heath") moves under Fed. R. Civ. P. 12(b)(6)[1] to dismiss plaintiff MC Trilogy Texas, LLC's ("MC Trilogy's") substantive and procedural due process claims for failure to state a claim on which relief can be granted and to abstain under *Burford v. Sun Oil Co.*, 319 U.S. 315 (1943), from hearing MC Trilogy's remaining federal- and state-law claims. For the reasons explained below, the court grants Heath's motion to dismiss MC Trilogy's substantive and procedural due process claims and declines to abstain under *Burford*.

I

In *MC Trilogy Tex., LLC v. City of Heath ("MC Trilogy I")*, ___ F.Supp.3d ___, 2023 WL 2544308 (N.D. Tex. Mar. 16, 2023) (Fitzwater, J.), the court dismissed MC Trilogy's

---

[1]Heath moves in the alternative for judgment on the pleadings under Rule 12(c). The court will decide Heath's motion based on Rule 12(b)(6), although the standards for deciding both motions are the same.

substantive and procedural due process claims. *Id.* at *3.[2] MC Trilogy sought leave to amend its complaint, in part to cure pleading deficiencies that the court in *MC Trilogy I* had identified regarding these claims. *See MC Trilogy Tex., LLC v. City of Heath*, 2023 WL 6333115, at *1 (N.D. Tex. Sept. 28, 2023) (Fitzwater, J.). Heath opposed MC Trilogy's motion for leave to amend on the ground that the repleaded substantive and procedural due process claims were futile. *Id.* The court recognized that it could refuse leave to amend based on futility of amendment, but it declined to address Heath's futility argument, relying instead on its "almost unvarying practice when futility is raised . . . to address the merits of the claim or defense in the context of a Rule 12(b)(6) or Rule 56 motion." *Id.* at *2 (quoting *Reneker v. Offill*, 2011 WL 1427661, at *1 (N.D. Tex. Apr. 13, 2011) (Fitzwater, C.J.)). Heath now moves under Rule 12(b)(6) to dismiss MC Trilogy's first amended complaint ("amended complaint") for failure to state a claim on which relief can be granted. MC Trilogy opposes the motion, which the court is deciding on the briefs, without oral argument.

---

[2]The relevant background facts of this case are largely set out in *MC Trilogy I*, ___ F.Supp.3d ___, 2023 WL 2544308, at *1, and need not be repeated at length for purposes of deciding Heath's motion to dismiss. *See also MC Trilogy Tex., LLC v. City of Heath*, 2023 WL 3635639, at *1 (N.D. Tex. May 24, 2023) (Fitzwater, J.); *MC Trilogy Tex., LLC v. City of Heath*, 2023 WL 5918925, at *1 (N.D. Tex. Sept. 11, 2023) (Fitzwater, J.); *MC Trilogy Tex., LLC v. City of Heath*, 2023 WL 6333115, at *1 (N.D. Tex. Sept. 28, 2023) (Fitzwater, J.); *MC Trilogy Tex., LLC v. City of Heath*, 2023 WL 7004442, at *1 (N.D. Tex. Oct. 24, 2023) (Fitzwater, J.); *MC Trilogy Tex., LLC v. City of Heath*, 2023 WL 7190652, at *1 (N.D. Tex. Nov. 1, 2023) (Fitzwater, J.); *MC Trilogy Tex., LLC v. City of Heath*, 2023 WL 8569018, at *1 (N.D. Tex. Dec. 11, 2023) (Fitzwater, J.); *MC Trilogy Tex., LLC v. City of Heath*, 2023 WL 8583487, at *1 (N.D. Tex. Dec. 11, 2023) (Fitzwater, J.); *MC Trilogy Tex., LLC v. City of Heath*, 2023 WL 8583876, at *1 (N.D. Tex. Dec. 11, 2023) (Fitzwater, J.).

II

"In deciding a Rule 12(b)(6) motion to dismiss, the court evaluates the sufficiency of [the plaintiff's] amended complaint by 'accept[ing] all well-pleaded facts as true, viewing them in the light most favorable to the plaintiff.'" *Bramlett v. Med. Protective Co. of Fort Wayne, Ind.*, 855 F.Supp.2d 615, 618 (N.D. Tex. 2012) (Fitzwater, C.J.) (second alteration in original) (internal quotation marks omitted) (quoting *In re Katrina Canal Breaches Litig.*, 495 F.3d 191, 205 (5th Cir. 2007)). To survive a Rule 12(b)(6) motion to dismiss, the plaintiff must plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.*; *see also Twombly*, 550 U.S. at 555 ("Factual allegations must be enough to raise a right to relief above the speculative level[.]"). "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not 'shown'—'that the pleader is entitled to relief.'" *Iqbal*, 556 U.S. at 679 (alteration omitted) (quoting Rule 8(a)(2)). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.* at 678.

III

The court turns first to MC Trilogy's substantive due process claim.

A

MC Trilogy alleges in its amended complaint that Heath violated MC Trilogy's substantive due process rights by denying its preliminary plat application as "incomplete" based on an "inapplicable" and "not-yet-effective" ordinance. P. Am. Compl. (ECF No. 142) at 28, ¶ 107. MC Trilogy filed its preliminary plat application on August 31, 2021 with one-acre minimum single-family residential lots, as permitted by the agricultural district zoning classification at the time. Heath's amended ordinance increasing the property's minimum single-family residential lot size to ten acres went into effect, if at all, on September 4, 2021, four days after MC Trilogy filed its preliminary plat. MC Trilogy alleges that it was therefore arbitrary and irrational for Heath to deny the plat application as "incomplete" for the reason that it did not comply with the ten-acre minimum single-family residential lot requirement.

Heath maintains that MC Trilogy's substantive due process claim is based only on violations of state and local law.[3] MC Trilogy responds that the claim is not based on Heath's violation of state and local law because Heath denied the preliminary plat application "without regard to any law," considering that the ten-acre minimum single-family residential

---

[3]The court need not address whether MC Trilogy's substantive due process claim is subsumed by its Fifth Amendment regulatory takings claim because the court concludes that MC Trilogy has not stated a substantive due process claim on which relief can be granted.

- 4 -

lot requirement was "non-existent and/or yet to be effective." P. Resp. (ECF No. 177) at 12. MC Trilogy distinguishes *FM Properties Operating Co. v. City of Austin*, 93 F.3d 167 (5th Cir. 1996), which held that a land developer failed to state a substantive due process claim when the city refused to approve a site plan application that failed to comply with a local ordinance. *See id.* at 176. In *FM Properties* the local government misapplied a law that was in effect at the time the zoning decision was made, whereas Heath is alleged to have misapplied a law that was *not* in effect at the time it declined to approve MC Trilogy's final plat.

B

To state a substantive due process claim, MC Trilogy must allege that (1) Heath violated its constitutionally protected right and (2) demonstrate that the alleged violation does not rationally relate to a legitimate governmental interest. *See Cripps v. La. Dep't of Agric. & Forestry*, 819 F.3d 221, 232 (5th Cir. 2016). Property interests arise from "state statutes, local ordinances, existing rules, contractual provisions, or mutually explicit understandings," not the Constitution itself. *Machete Prods., LLC v. Page*, 809 F.3d 281, 290 (5th Cir. 2015) (quoting *Blackburn v. City of Marshall*, 42 F.3d 925, 937 (5th Cir. 1995)). Federal constitutional law, however, determines whether due process protections apply to an interest created by state law. *See Memphis Light, Gas & Water Div. v. Craft*, 436 U.S. 1, 9 (1978). In the zoning context, a legitimate claim of entitlement to an applied-for benefit does not exist if government officials have discretion to grant or deny the benefit. *See Da Vinci Inv., LP v. City of Arlington*, 747 Fed. Appx. 223, 226 (5th Cir. 2018) (per curiam) (citing *Town*

of *Castle Rock v. Gonzales*, 545 U.S. 748, 756 (2005)).

MC Trilogy alleges that it had a constitutionally protected property interest "to lawfully use and develop the Property in accordance with the regulations and ordinances in effect" at the time it filed its preliminary plat application on August 31, 2021. P. Am. Compl. (ECF No. 142) at 23, ¶ 87; at 27, ¶ 106. MC Trilogy presumably bases its constitutionally protected interest on § 245.002 of the Texas Local Government Code. Texas state courts hold that § 245.002 "vests rights in a particular project, *not* the property itself." *Town Park Ctr., LLC v. City of Sealy*, 639 S.W.3d 170, 190 (Tex. App. 2021, no pet.) (emphasis added) (citing *Hatchett v. W. Travis Cnty. Pub. Util. Agency*, 598 S.W.3d 744, 749 (Tex. App. 2020, pet. denied)). But the court will assume *arguendo* that MC Trilogy has a constitutionally protected interest in its position.

MC Trilogy's amended complaint still fails to plead a plausible substantive due process claim because it fails to allege sufficient facts for the court to draw the reasonable inference that the alleged violation does not rationally relate to a legitimate governmental interest. In *MC Trilogy I* the court dismissed MC Trilogy's substantive due process claim because Heath's decision could conceivably be supported by a rational basis, "such as the desire to mitigate traffic issues." *MC Trilogy I*, ___ F.Supp.3d ___, 2023 WL 2544308, at *3. MC Trilogy's amended complaint does not allege sufficient new facts to transform the substantive due process claim into a plausible claim. MC Trilogy only contends that Heath acted arbitrarily and irrationally because it considered an inapplicable and ineffective ordinance to deny the preliminary plat application. But "a government entity's failure to

follow the procedures established by state law does not automatically render that conduct arbitrary or unrelated to a legitimate state interest." *Smith v. City of Bastrop*, 2023 WL 2890162, at *10 (5th Cir. Apr. 11, 2023) (per curiam) (citing *Stern v. Tarrant Cnty. Hosp. Dist.*, 778 F.2d 1052, 1060 (5th Cir. 1985); and then citing *Levitt v. Univ. of Tex. at El Paso*, 759 F.2d 1224, 1233 (5th Cir. 1985)).

Accordingly, the court grants Heath's motion to dismiss MC Trilogy's substantive due process claim.

IV

The court next turns to MC Trilogy's procedural due process claim.

A

MC Trilogy similarly alleges that Heath violated MC Trilogy's procedural due process rights because "the procedures leading up to and after the City's arbitrary and irrational abuse of governmental power in making its determination that the Preliminary Plat Application was incomplete deprived [it] of any meaningful opportunity to be heard at a meaningful time and in a meaningful manner[.]" P. Am. Compl. (ECF No. 142) at 28, ¶ 108. MC Trilogy received two written notifications from Heath that its preliminary plat application was "incomplete"; however, neither one "provided notice that any additional documents or other information was necessary to comply with [Heath's] technical requirements relating to the Preliminary Plat Application," as required by state and local law. *Id.* at 18, ¶ 63. Under Heath ordinance, absent notice that specifies the necessary documents, the plat application is deemed complete on the eleventh business day after the date the application is submitted.

MC Trilogy therefore alleges that its preliminary plat application was complete on September 15, 2021, and that Heath violated MC Trilogy's procedural due process rights because, by refusing even to present the application to the Planning and Zoning Commission for consideration, MC Trilogy had no opportunity to be heard at a meaningful time and in a meaningful manner.

Heath posits that MC Trilogy has failed to plead a plausible procedural due process claim because it is restating the claim that the court dismissed in *MC Trilogy I* that arises out of a misapplication of state law, or, alternatively, that is barred by the *Parratt/Hudson* doctrine.[4] MC Trilogy responds that Heath denied MC Trilogy procedural due process by not providing it timely notice as to what necessary documents were missing from its preliminary plat application, not providing MC Trilogy an opportunity to be heard, and committing "fundamental procedural irregularities" when Heath sought in a recent, related state court lawsuit to preclude MC Trilogy from developing in the City of McLendon-Chisholm, Texas ("McLendon").

B

"Procedural due process imposes constraints on governmental decisions which deprive individuals of 'liberty' or 'property' interests within the meaning of the Due Process clause of the Fifth or Fourteenth Amendment." *Mathews v. Eldridge*, 424 U.S. 319, 332 (1976).

---

[4]The court need not address whether the *Parratt/Hudson* doctrine applies to MC Trilogy's procedural due process claim because it is a legislative zoning decision and therefore procedural due process protection does not apply.

"The fundamental requirement of due process is the opportunity to be heard 'at a meaningful time and in a meaningful manner.'" *Id.* at 333 (quoting *Armstrong v. Manzo*, 380 U.S. 545, 552 (1965)). But procedural due process, "unlike some legal rules, is not a technical conception with a fixed content unrelated to time, place[,] and circumstances"; instead, it is "flexible and calls for such procedural protections as the particular situation demands." *Id.* at 334 (citations omitted). "Procedural due process claims require a two-part analysis: (1) whether the plaintiff has a liberty or property interest that is entitled to procedural due process protection; and (2) if so, what process is due." *Reynolds v. City of Poteet*, 2013 WL 594731, at *6 (W.D. Tex. Feb. 15, 2013) (citing *Mathews*, 424 U.S. at 332-33).

Whether MC Trilogy has a liberty or property interest that is entitled to procedural due process protection turns on whether the zoning decision is legislative or adjudicative. *See MC Trilogy I*, ___ F.Supp.3d ___, 2023 WL 2544308, at *3 (citing *Jackson Ct. Condos., Inc v. City of New Orleans*, 874 F.2d 1070, 1074 (5th Cir. 1989)). "It is well established law that once an action is characterized as legislative, procedural due process requirements do not apply." *Id.* In *MC Trilogy Tex., LLC v. City of Heath*, 2023 WL 5918925 (N.D. Tex. Sept. 11, 2023) (Fitzwater, J.), the court reasoned that the plat approval process relates to a legislative function rather than an administrative function because the decision impacts the larger population, not specific individuals or property alone, and because it is part and parcel of modern zoning procedures. *Id.* at *4. MC Trilogy's amended complaint does not sufficiently allege new facts to change that decision.

MC Trilogy's amended complaint only adds that, because Heath filed a lawsuit in

- 9 -

state court against McLendon seeking to preclude MC Trilogy from developing there, its dispute with Heath is tainted with fundamental procedural irregularity or deficiency that implicates the Constitution. MC Trilogy does not cite any binding authority for its position. And it does not explain how Heath's recent conduct is relevant to determine what process it was afforded in 2021. Accordingly, the court grants Heath's motion to dismiss MC Trilogy's procedural due process claim.

V

The court now turns to Heath's contention that the court should exercise *Burford* abstention to refrain from addressing MC Trilogy's remaining claims.

A

*Burford* abstention is appropriate in two circumstances: first, when a case involves "difficult questions of state law bearing on policy problems of substantial public import whose importance transcends the result in the particular case at bar"; and, second, when "the exercise of federal jurisdiction over the question in the case would disrupt state efforts to establish a coherent policy with respect to a matter of substantial public concern." *Barnhardt Marine Ins., Inc. v. New Eng. Int'l Sur. of Am., Inc.*, 961 F.2d 529, 531 (5th Cir. 1992) (citations omitted). "*Burford* abstention is an extraordinary and narrow exception to the duty of the [d]istrict [c]ourt to adjudicate a controversy properly before it." *Stratta v. Roe*, 961 F.3d 340, 356 (5th Cir. 2020) (internal quotations omitted) (quoting *Quackenbush v. Allstate Ins. Co.*, 517 U.S. 706, 728 (1996)).

As a prerequisite to *Burford* abstention, "timely and adequate state-court review [must

be] available." *New Orleans Pub. Serv., Inc. v. Council of the City of New Orleans*, 491 U.S. 350, 361 (1989). And before the federal court can abstain, the court must be sitting in equity or otherwise petitioned for discretionary relief. *See Quackenbush*, 517 U.S. at 730.

This court must consider five factors in determining whether to abstain under *Burford*:

> (1) whether the cause of action arises under federal or state law; (2) whether the case requires inquiry into unsettled issues of state law or into local facts; (3) the importance of the state interest involved; (4) the state's need for a coherent policy in that area; and (5) the presence of a special state forum for judicial review.

*Wilson v. Valley Elec. Membership Corp.*, 8 F.3d 311, 314 (5th Cir. 1993) (internal citations omitted); *see also Koerner v. Garden Dist. Ass'n*, 78 Fed. Appx. 960, 963 (5th Cir. 2003) (applying *Wilson* factors to find *Burford* abstention was appropriate).

B

Heath contends that the court should exercise *Burford* abstention because it is appropriate in zoning cases. Heath does not engage in a factor-by-factor analysis and advocates instead for this court to apply Fourth Circuit precedent. Heath maintains that the Fourth Circuit approach is persuasive because state and local land use and zoning law is "a classic example of situations in which 'the exercise of federal review . . . would be disruptive of state efforts to establish a coherent policy with respect to a matter of substantial public concern[.]" *Pomponio v. Fauquier Cnty. Bd. of Supervisors*, 21 F.3d 1319, 1327 (4th Cir. 1994) (en banc). The Fourth Circuit exercised *Burford* abstention where the plaintiffs' state and federal claims depended on the scope of local government bodies' authority and where

- 11 -

the plaintiffs sought relief from the federal court compelling the local government to permit the land use request. *See Caleb Stowe Assocs., Ltd. v. Albemarle County*, 724 F.2d 1079, 1080 (4th Cir. 1984); *Meredith v. Talbot County*, 828 F.2d 228, 233 (4th Cir. 1987). The Sixth Circuit and Eastern District of Louisiana have also adopted the Fourth Circuit's *Pomponio* approach. *See MacDonald v. Vill. of Northport*, 164 F.3d 964, 98-70 (6th Cir. 1999); *Venture v. Par. of Jefferson*, 1997 WL 433493, at *3 (E.D. La. July 31, 1997).

MC Trilogy maintains that *Burford* abstention is not appropriate because Heath's cited authority is neither binding on this court nor persuasive. It posits that the Fourth Circuit's interpretation of *Burford* is too broad and is inapposite because this case involves a municipal government rather than a sovereign state government. Moreover, as Heath acknowledges in its reply brief, although the Sixth Circuit once cited *Pomponio* favorably, it later rejected the approach as it applies to local zoning ordinances. *See Saginaw Hous. Comm'n v. Bannum, Inc.*, 576 F.3d 620, 628 (6th Cir. 2009).

The court agrees with MC Trilogy that the Fifth Circuit requires an individualized consideration of the five *Wilson* factors to determine whether to abstain under *Burford*. The court now considers these factors.

C

1

The first *Wilson* factor considers whether the cause of action arises under federal or state law. *See Wilson*, 8 F.3d at 314. Because MC Trilogy's remaining claims arise under federal and state law, the court concludes that this factor is neutral.

2

The second *Wilson* factor considers whether the case requires inquiry into unsettled issues of state law or into local facts. *Id.* An unsettled question of state law exists when "the plaintiff's claim may be in any way entangled in a skein of state law that must be untangled before the federal case can proceed." *Aransas Project v. Shaw*, 775 F.3d 641, 649 (5th Cir. 2014). In *MC Trilogy I* the court stated that "although there are complex state-law issues involved in this case, the court is not persuaded that any issue is unsettled or novel rather than being simply complicated." *MC Trilogy I*, ___ F.Supp.3d ___, 2023 WL 2544308, at *4. Heath does not contend that MC Trilogy's amended complaint now raises unsettled or novel state-law issues. Accordingly, the court concludes that this factor weighs against exercising *Burford* abstention.

3

The third *Wilson* factor considers the importance of the state interest involved. *See Wilson*, 8 F.3d at 314. Heath implicitly asserts that zoning and land use policy is a matter of substantial public concern, relying on the Fourth Circuit's reasoning in *Pomponio*. *See Pomponio*, 21 F.3d at 1327. The court does not disagree; however, the Fifth Circuit has found *Burford* abstention improper "when countervailing federal policies undermine the primacy of the state's interest or when the state interests involved are not threatened by the limited relief sought[.]" *Grace Ranch, LLC v. BP Am. Prod. Co.*, 989 F.3d 301, 316 (5th Cir. 2021) (internal citations omitted) (citing *Aransas Project*, 775 F.3d at 650-51; and then citing *Stratta*, 961 F.3d at 358). Thus "even powerful state interests . . . will not always justify

abstention." *Id.* (citing *C.S. Gaidry, Inc. v. Union Oil Co. of Cal.*, 2009 WL 2765814, at *7 (E.D. La. Aug. 27, 2009)). Accordingly, the court concludes that this factor is neutral.

4

The fourth *Wilson* factor considers the state's need for a coherent policy in that area. *See Wilson*, 8 F.3d at 314. Heath also implicitly asserts that the court should exercise *Burford* abstention because federal review of MC Trilogy's claims would disrupt state efforts to establish a coherent policy. *See Pomponio*, 21 F.3d at 1327. But Heath has failed to demonstrate that Texas has a state policy or general rules governing municipal land development. This case itself is evidence that land use policies differ among municipalities and that there is no uniform Texas state policy for land use and development. Accordingly, the court concludes that this factor weighs against exercising *Burford* abstention.

5

The fifth *Wilson* factor considers the presence of a special state forum for judicial review. *See Wilson*, 8 F.3d at 314. Heath maintains that Texas law establishes a procedure for reviewing zoning determinations: the zoning commission. The zoning commission's decisions are subject to judicial review under an abuse of discretion standard. But Heath misinterprets the fifth *Wilson* factor, which considers whether a *special* state forum exists. The creation of a state agency evidences the state's level of concern and of its desire for uniform policy application. *See Burford*, 319 U.S. at 326 (concentrating judicial review in one forum aimed to "prevent the confusion of multiple review of the same general issues"). Unlike *Burford*, in which Texas allowed judicial review of Railroad Commission orders only

in state district courts sitting in Austin, Texas, Texas allows courts throughout the state to review zoning commission decisions. *See Grace Ranch, LLC*, 989 F.3d at 318 (finding fifth *Wilson* factor weighed against *Burford* abstention when Louisiana allowed environmental conservation suits to be brought, like most lawsuits, anywhere in the state even though that may result in conflicting caselaw). State court is not necessarily a *special* state forum for judicial review. Accordingly, the court concludes that this factor weighs against exercising *Burford* abstention.

6

Considering the five-factor *Wilson* test and the fact that *Burford* abstention is disfavored as an abdication of federal jurisdiction, the court denies Heath's request to apply *Burford* abstention.

\* \* \*

For the foregoing reasons, the court grants Heath's Rule 12(b)(6) motion to dismiss MC Trilogy's substantive and procedural due process claims for failure to state a claim on which relief can be granted and declines to abstain under *Burford* from hearing MC Trilogy's remaining federal- and state-law claims.

**SO ORDERED**.

December 21, 2023.

*[signature]*
SIDNEY A. FITZWATER
SENIOR JUDGE