IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| MC TRILOGY TEXAS, LLC, § | |
| § | |
| Plaintiff, § | |
| § | |
| VS. § | Civil Action No. 3:22-CV-2154-D |
| § | |
| CITY OF HEATH, TEXAS, § | |
| § | |
| Defendant. § | |

MEMORANDUM OPINION
AND ORDER

In this action challenging a municipality's land use decisions, non-party City of McLendon-Chisholm, Texas ("McLendon") moves under Fed. R. Civ. P. 45(d)(3) to quash, or, alternatively, for a protective order from a subpoena served by defendant City of Heath, Texas ("Heath") on non-party Adrienne Balkum ("Balkum"). For the reasons explained, the court denies McLendon's motion.

I

Heath seeks to depose Balkum regarding her knowledge of potable water access in McLendon.[1] McLendon contends that Balkum does not possess relevant information and

---

[1]The court assumes the parties' familiarity with its prior memorandum opinions and orders. See *MC Trilogy Tex., LLC v. City of Heath*, 662 F.Supp.3d 690, 695-96 (N.D. Tex. Mar. 16, 2023) (Fitzwater, J.); *MC Trilogy Tex., LLC v. City of Heath*, 2023 WL 3635639, at *1 (N.D. Tex. May 24, 2023) (Fitzwater, J.); *MC Trilogy Tex., LLC v. City of Heath*, 2023 WL 5918925, at *1 (N.D. Tex. Sept. 11, 2023) (Fitzwater, J.); *MC Trilogy Tex., LLC v. City of Heath*, 2023 WL 6333115, at *1 (N.D. Tex. Sept. 28, 2023) (Fitzwater, J.); *MC Trilogy Tex., LLC v. City of Heath*, 2023 WL 7004442, at *1 (N.D. Tex. Oct. 24, 2023) (Fitzwater, J.); *MC Trilogy Tex., LLC v. City of Heath*, 2023 WL 7190652, at *1 (N.D. Tex. Nov. 1, 2023) (Fitzwater, J.); *MC Trilogy Tex., LLC v. City of Heath*, 2023 WL 8569018, at *1 (N.D.

that the deposition would impose an undue burden on her.  In particular, McLendon maintains that Balkum is not a party to this case; Heath has been sued in state court over the same matter; the current lawsuit involves a Heath zoning ordinance; the McLendon Portion of the Trilogy Development is not relevant; Heath has subpoenaed many non-parties regarding water access in McLendon; Balkum was acting as a private citizen; and it is beyond the scope of discovery.  Heath responds that Balkum possesses unique knowledge regarding water access in McLendon: she engages in local politics and maintains a website/blog and hosts a podcast regarding water access in McLendon.  According to Heath, Balkum obtained this unique knowledge in her individual capacity, not her official capacity as McLendon's Mayor Pro Tem.  Heath represents that it will not ask Balkum questions regarding the pending state-court litigation between Heath and McLendon and offers to limit the scope of the deposition by agreement.

   The court is deciding the motion on the briefs, without oral argument.[2]

---

Tex. Dec. 11, 2023) (Fitzwater, J.); *MC Trilogy Tex., LLC v. City of Heath*, 2023 WL 8583487, at *1 (N.D. Tex. Dec. 11, 2023) (Fitzwater, J.); *MC Trilogy Tex., LLC v. City of Heath*, 2023 WL 8583876, at *1 (N.D. Tex. Dec. 11, 2023) (Fitzwater, J.); *MC Trilogy Tex., LLC v. City of Heath*, 2023 WL 8850760, at *1 (N.D. Tex. Dec. 21, 2023) (Fitzwater, J.); *MC Trilogy Tex., LLC v. City of Heath*, 2024 WL _____, at *_ (N.D. Tex. Jan. 4, 2024) (Fitzwater, J.).

  [2]Heath responded to McLendon's motion on January 3, 2024, making McLendon's reply brief due on January 17, 2024, if it intended to file one.  Because the reply deadline has expired, *see* N.D. Tex. Civ. R. 7.1(f), the motion is ripe for disposition.

II

Rule 26(b)(1) provides that a party may obtain discovery of "any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case[.]" Rule 26(b)(1). "Relevancy is broadly construed, and a request for discovery should be considered relevant if there is 'any possibility' that the information sought may be relevant to the claim or defense of any party." *Merrill v. Waffle House, Inc.*, 227 F.R.D. 467, 470 (N.D. Tex. 2005) (Ramirez, J.) (quoting *Sheldon v. Vermonty*, 204 F.R.D. 679, 689 (D. Kan. 2001)).

Rule 45 governs subpoenas to obtain discovery from non-parties. The party issuing the subpoena "must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena." Rule 45(d)(1). Rule 45 requires that, on timely motion, the court must quash or modify a subpoena if it "requires disclosure of privileged or other protected matter," absent exception or waiver, or if it "subjects a person to undue burden." Rule 45(d)(3)(A)(iii), (iv). The movant has the burden of proof, *see Wiwa v. Royal Dutch Petroleum Co.*, 392 F.3d 812, 818 (5th Cir. 2004) (citing *Williams v. City of Dallas*, 178 F.R.D. 103, 109 (N.D. Tex. 1998) (Fitzwater, J.)), and must meet "the heavy burden of establishing that compliance with the subpoena would be 'unreasonable and oppressive.'" *Williams*, 178 F.R.D. at 109.

A party's standing to quash a subpoena served on a non-party under Rule 45 is limited. The movant must be in possession or control of the requested material; be the person to whom the subpoena is issued; or have a personal right or privilege in the subject matter

- 3 -

of the subpoena. *MC Trilogy Tex., LLC v. City of Heath*, 2024 WL _____, at \*\_\_\_ (N.D. Tex. Jan. 4, 2024) (Fitzwater, J.) (citing *Brown v. Braddick*, 595 F.2d 961, 967 (5th Cir. 1979)). "A party challenging a subpoena issued to a non-party may not object on the grounds that it 'violates another person's privacy rights . . . , that the subpoena is overly broad, or that the subpoena seeks information that is irrelevant because only the responding third party can object and seek to quash a Rule 45 subpoena on those grounds.'" *Deitz v. Performance Food Grp., Inc.*, 2021 WL 2715974, at \*1 (W.D. Tex. Apr. 21, 2021) (quoting *River House Partners, LLC v. Grandbridge Real Est. Cap. LLC*, 2016 WL 3747613, at \*3 (M.D. La. July 11, 2016)). Nonetheless, a party may have standing to move for a protective order under Rule 26(c) even if the party does not have standing under Rule 45. *See, e.g.*, *Field v. Anadarko Petroleum Corp.*, 2020 WL 4937122, at \*2 (S.D. Tex. Aug. 24, 2020) (quoting *Bounds v. Cap. Area Fam. Violence Intervention Ctr., Inc.*, 314 F.R.D. 214, 218 (M.D. La. 2016)).

Rule 26(c) provides, in pertinent part: "The court may, for good cause, issue an order to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense[.]" Rule 26(c). The burden is on the movant to show that good cause exists, "which contemplates a particular and specific demonstration of fact as distinguished from stereotyped and conclusory statements." *In re Terra Int'l, Inc.*, 134 F.3d 302, 306 (5th Cir. 1998) (per curiam) (internal quotation marks omitted) (quoting *United States v. Garrett*, 571 F.2d 1323, 1326 n.3 (5th Cir. 1978)). The movant "must show how the requested discovery is overly broad, unduly burdensome, or oppressive by submitting affidavits or offering

evidence revealing the nature of the burden." *Samsung Elecs. Am. Inc. v. Yang Kun "Michael" Chung*, 325 F.R.D. 578, 590 (N.D. Tex. 2017) (Horan, J.) (first citing *Merrill*, 227 F.R.D. at 477; and then citing *SEC v. Brady*, 238 F.R.D. 429, 437 (N.D. Tex. 2006) (Ramirez, J.)).

III

As a threshold matter, the court considers whether McLendon has standing to move to quash the subpoena served on Balkum.

The court must determine whether McLendon's counsel moves for relief as McLendon's representative or as Balkum's representative. The motion states that *Balkum* requests relief from this court, and the prayer states that "NON-PARTY ADRIENNE BALKUM PRAYS this Court grant . . . *her* Motion to Quash." Non-P. Br. (ECF No. 198) at 9 (bold font omitted). Yet the motion's caption states that it is "*NON-PARTY CITY OF MCLENDON-CHISHOLM'S* MOTION TO QUASH OR FOR PROTECTIVE ORDER ON NON-PARTY DEPOSITION." *Id.* at 1 (emphasis added; bold font omitted). And more important, McLendon's counsel states that he was not authorized to accept service for Balkum's deposition and signed the motion as "attorney for Non-Party City of McLendon-Chisholm, Texas," not as attorney for Balkum. *Id.* at 9. The court therefore concludes that McLendon is the movant but *not* the non-party witness on whom the subpoena was served. McLendon must therefore state some claim of privilege or right personal to it to have standing. *See Brown*, 595 F.2d at 967.

McLendon does not allege that Balkum has information protected by privilege or

personal right. And it is not obvious that the information Heath seeks necessarily implicates McLendon's personal right or privilege; McLendon acknowledges that Heath seeks to depose Balkum "for alleged actions she took as a private citizen, *not* as the Mayor Pro Tem of [McLendon]." Non-P. Br. (ECF No. 198) at 1 (emphasis added). The court concludes that McLendon does not have standing to move to quash the subpoena served on Balkum. Accordingly, McLendon's motion to quash is denied.

IV

Alternatively, McLendon seeks a protective order that significantly limits Balkum's deposition in both time period and scope to only the information and documents in her sole possession and custody that are not protected by any privilege (including the legislative, deliberative process, and attorney-client privilege) or as work product.[3] But Balkum is in a better position than McLendon to understand the burden imposed on her. *See Deitz*, 2021 WL 2715974, at *1. Notably, McLendon does not provide any specific evidence regarding Balkum's burden. *See In re Terra Int'l, Inc.*, 134 F.3d at 306. McLendon only states that the deposition request "would impose an undue and unnecessary burden on Balkum who is a wife, and mother of four," and that "the cost to Balkum and her family to prepare for and attend her deposition is not proportional to the value or importance of obtaining her deposition[.]" Non-P. Br. (ECF No. 198) at 8. McLendon does not specify Balkum's

---

[3]The motion refers to "work product" within the list of privileges, but "the work product doctrine is not a 'privilege' as such." *Mid-Continent Cas. Co. v. Eland Energy, Inc.*, 2008 WL 80760, at *3 n. 3 (N.D. Tex. Jan. 8, 2008) (Fitzwater, C.J.).

expected time commitment or the anticipated cost to her and her family.  Heath also agrees that it will take Balkum's deposition at a "mutually agreeable time" and host it at McLendon City Hall.  D. Resp. (ECF No. 206) at 7.  The court therefore concludes that McLendon has failed to establish good cause to enter the requested protective order.  Accordingly, McLendon's alternative motion for a protective order is denied.

\* \* \*

For the reasons explained, the court denies McLendon's motion to quash or for a protective order regarding the subpoena served on Balkum.

**SO ORDERED**.

January 18, 2024.

_____
SIDNEY A. FITZWATER
SENIOR JUDGE