IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

MC TRILOGY TEXAS, LLC,           §
                                 §
              Plaintiff,          §
                                 §
VS.                              §        Civil Action No. 3:22-CV-2154-D
                                 §
CITY OF HEATH, TEXAS,            §
                                 §
              Defendant.          §

MEMORANDUM OPINION
AND ORDER

        In this action challenging a municipality's land use decisions, defendant the City of

Heath, Texas ("Heath") noticed and subpoenaed non-party the City of McLendon-Chisholm,

Texas ("McLendon") for a deposition under Fed. R. Civ. P. 30(b)(6).  McLendon moves to

quash the notice and subpoena of its corporate representative.  Heath opposes the motion.

Although the court finds the notice and subpoena are deficient in several respects, it

concludes that McLendon's motion should be denied at this time and that Heath and

McLendon should be ordered to meet and confer, after which the court will consider

modifying any noticed deposition topic that remains in dispute.

I

        McLendon asserts, *inter alia*, that the court should quash the notice and subpoena

because Heath is seeking irrelevant information; Heath can obtain the designated information

from other entities, including MC Trilogy, that are "larger" and "have far more resources";

the topics covered in the subpoena are not limited in time; the topics include broadly defined

terms, such as the "Trilogy Development," which contemplate matters beyond McLendon's corporate knowledge; and the burden imposed on McLendon to prepare its corporate representative would be great because it only employs a handful[1] of people full-time.[2]

McLendon also maintains that the discovery Heath seeks should be limited under Rule 26(b)(2)(C) because it is duplicative and cumulative of other discovery that Heath has already obtained. For example, Heath deposed McLendon's Mayor Pro Tem Adrienne Balkum ("Mayor Balkum") for six hours regarding water piping, pressure, and flow issues in McLendon; the RCH Water Supply Corporation; and McLendon's attempts to obtain a certificate of convenience and necessity[3] from the Public Utility Commission of Texas.

---

[1]The record contains conflicting information about whether McLendon employs three or five people full-time. The difference is immaterial to this decision.

[2]The court assumes the parties' familiarity with its prior memorandum opinions and orders. *See MC Trilogy Tex., LLC v. City of Heath*, 662 F.Supp.3d 690, 695-96 (N.D. Tex. Mar. 16, 2023) (Fitzwater, J.); *MC Trilogy Tex., LLC v. City of Heath*, 2023 WL 3635639, at *1 (N.D. Tex. May 24, 2023) (Fitzwater, J.); *MC Trilogy Tex., LLC v. City of Heath*, 2023 WL 5918925, at *1 (N.D. Tex. Sept. 11, 2023) (Fitzwater, J.); *MC Trilogy Tex., LLC v. City of Heath*, 2023 WL 6333115, at *1 (N.D. Tex. Sept. 28, 2023) (Fitzwater, J.); *MC Trilogy Tex., LLC v. City of Heath*, 2023 WL 7004442, at *1 (N.D. Tex. Oct. 24, 2023) (Fitzwater, J.); *MC Trilogy Tex., LLC v. City of Heath*, 2023 WL 7190652, at *1 (N.D. Tex. Nov. 1, 2023) (Fitzwater, J.); *MC Trilogy Tex., LLC v. City of Heath*, 2023 WL 8569018, at *1 (N.D. Tex. Dec. 11, 2023) (Fitzwater, J.); *MC Trilogy Tex., LLC v. City of Heath*, 2023 WL 8583487, at *1 (N.D. Tex. Dec. 11, 2023) (Fitzwater, J.); *MC Trilogy Tex., LLC v. City of Heath*, 2023 WL 8583876, at *1 (N.D. Tex. Dec. 11, 2023) (Fitzwater, J.); *MC Trilogy Tex., LLC v. City of Heath*, 2023 WL 8850760, at *1 (N.D. Tex. Dec. 21, 2023) (Fitzwater, J.); *MC Trilogy Tex., LLC v. City of Heath*, 2024 U.S. Dist. LEXIS 10336, at *3-5 (N.D. Tex. Jan. 4, 2024) (Fitzwater, J.); *MC Trilogy Tex., LLC v. City of Heath*, 2024 WL 201365, at *1 (N.D. Tex. Jan. 18, 2024) (Fitzwater, J.); *MC Trilogy Tex., LLC v. City of Heath*, 2024 WL 346512, at *1 (N.D. Tex. Jan. 29, 2024) (Fitzwater, J.).

[3]A certificate of convenience and necessity "give[s] holders the exclusive right to provide water or sewer service within particular service areas." *Green Valley Special Util.*

Heath now seeks to depose McLendon's corporate representative on substantially similar topics.[4]

Heath responds that McLendon has not demonstrated that the requested discovery is burdensome because it has not offered evidence that shows the nature of the burden.[5]  Heath also contends that McLendon has a duty under Rule 30(b)(6) to designate a witness who can testify as to matters that are reasonably available to the organization, which exceeds what the witness personally knows.

The court is deciding the motion on the briefs, without oral argument.

II

Rule 30(b)(6) governs deposition notices or subpoenas directed to an organization and "imposes burdens on both the discovering party and the designating party." *Johnson v. Big Lots Stores, Inc.*, 2008 WL 6928161, at *2 (E.D. La. May 2, 2008).  "The effectiveness of Rule 30(b)(6) 'bears heavily upon the parties' reciprocal obligations' to identify topics with

---

*Dist. v. City of Cibolo*, 866 F.3d 339, 340 (5th Cir. 2017) (citing Tex. Water Code Ann. § 13.242(a)), *abrogated by Green Valley Special Util. Dist. v. City of Schertz*, 969 F.3d 460 (5th Cir. 2020) (en banc).

[4]McLendon seeks in its reply brief a protective order limiting the scope or time of its corporate representative's deposition, but it does not mention Rule 26(c)(1) in its opening brief.  The court will not consider an argument raised for the first time in a reply brief.  *See, e.g.*, *Jacobs v. Tapscott*, 2006 WL 2728827, at *7 (N.D. Tex. Sept. 25, 2006) (Fitzwater, J.), *aff'd*, 277 Fed. Appx. 483 (5th Cir. 2008).

[5]On March 4, 2024 the court permitted McLendon to supplement its motion with evidence that supported its allegations.  McLendon filed affidavits from Mayor Balkum and Konrad Hildebrandt, McLendon's City Administrator.  Heath did not submit a supplemental response.

particularity and prepare witnesses in good faith." *Westley v. Out W. Express, LLC*, 2023 WL 8934937, at *3 (E.D. La. Dec. 27, 2023) (quoting *Lipari v. U.S. Bancorp, N.A.*, 2008 WL 4942618, at *5 (D. Kan. Oct. 16, 2008)).

The discovering party's deposition notice must "describe with reasonable particularity the matters for examination" under Rule 30(b)(6). Rule 30(b)(6). This requirement aims to enable the designating party "to identify the person who is best situated to answer questions about the matter, or to make sure that the person selected to testify is able to respond regarding that matter." 8A Charles Alan Wright & Arthur R. Miller, *Federal Practice and Procedure*, § 2103 (3d ed. 2023). In light of this goal, the discovering party must "take care to designate, with painstaking specificity, the particular subject areas that are intended to be questioned, and that are relevant to the issues in dispute."[6] *Matherne v. Huntington Ingalls Inc.*, 2024 WL 21569, at *3 (E.D. La. Jan. 2, 2024) (quoting *Pauls v. Prudential Ins. Co. of Am.*, 2016 WL 6397564, at *4 (N.D. Tex. Oct. 28, 2016) (Horan, J.)). "The court may limit a Rule 30(b)(6) deposition notice to the extent that it requests the organization to designate an agent to testify on topics of information that are overly broad, vague, or ambiguous."

---

[6]District courts outside this circuit have similarly limited discovery under Rule 30(b)(6)'s reasonable particularity requirement. *See Estes v. Providence Health & Servs.*, 2023 WL 8531775, at *7 (E.D. Wash. Dec. 8, 2023) (limiting discovery when "the breadth of subjects and number of topics identified . . . renders a responding party's efforts to designate a knowledgeable person unworkable"); *Palakovic v. Wetzel*, 2019 WL 6896659, at *8 (W.D. Pa. Dec. 18, 2019) (limiting discovery when the responding party cannot "reasonably identify the metes and bounds of the listed topics"); *Seliger v. Breitbart News Network, LLC*, 2021 WL 707063, at *1 (S.D.N.Y. Feb. 22, 2021) (assessing, among other factors, whether a reasonable person reading the notice would understand how to prepare for the deposition).

- 4 -

*United Healthcare Servs., Inc. v. Next Health, LLC*, 2021 WL 9146632, at *2 (N.D. Tex. Oct. 13, 2021) (Rutherford, J.) (internal quotation marks omitted) (quoting Dean v. Shell Pipeline Co., 2020 WL 2813521, at *3 (M.D. La. May 29, 2020)).

The discovering party's deposition notice is also subject to limitations under Rule 26. Rule 26(b)(1) provides that a party may obtain discovery of "any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case." Rule 26(b)(1). "Relevancy is broadly construed, and a request for discovery should be considered relevant if there is 'any possibility' that the information sought may be relevant to the claim or defense of any party." *Merrill v. Waffle House, Inc.*, 227 F.R.D. 467, 470 (N.D. Tex. 2005) (Ramirez, J.) (quoting *Sheldon v. Vermonty*, 204 F.R.D. 679, 689 (D. Kan. 2001)). Rule 26(b)(2)(C) also provides that a court "must limit the frequency or extent of discovery otherwise allowed by" the Federal Rules of Civil Procedure when

> (i) the discovery sought is unreasonably cumulative or duplicative, or can be obtained from some other source that is more convenient, less burdensome, or less expensive; (ii) the party seeking discovery has had ample opportunity to obtain the information by discovery in the action; or (iii) the proposed discovery is outside the scope permitted by Rule 26(b)(1).

Rule 26(b)(2)(C).

After the discovering party satisfies its burden, the designating party must choose "one or more officers, directors, or managing agents" or "other persons who consent" to testify on its behalf. Rule 30(b)(6). The designating party has a "duty to present and prepare a Rule 30(b)(6) designee beyond matters personally known to that designee or to matters in which

that designee was personally involved." *Brazos River Auth. v. GE Ionics, Inc.*, 469 F.3d 416, 433 (5th Cir. 2006) (citation omitted). The designating party "must prepare the designee to the extent matters are reasonably available, whether from documents, past employees, or other sources." *Id.* The designee's statements are "binding" on the designating party because, by making the designation, the designating party "represents that the [designee] has authority to speak on [its] behalf[.]" *Id.* at 433. The discovering party may also use the designee's statements for any purpose. *See* Rule 32(a)(3) ("An adverse party may use for any purpose the deposition of a party or anyone who, when deposed, was the party's . . . designee under Rule 30(b)(6)[.]"). Because the employee's statements are binding and the adverse party can use them for any purpose, this discovery device can elicit potentially impactful testimony. The court must therefore ensure that the discovering party has met its initial burden under Rule 30(b)(6). *See Blackrock Allocation Target Shares: Series S Portfolio v. Wells Fargo Bank*, 2017 WL 9400671, at *2 (S.D.N.Y. Apr. 27, 2017).

When the deponent from whom discovery is sought is not a party to the lawsuit, the court must also consider Rule 45, which governs subpoenas to obtain discovery from non-parties. The party issuing the subpoena "must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena." Rule 45(d)(1). Rule 45(d)(3)(A)(iv) requires that, on timely motion, the court must quash or modify a subpoena if it "subjects a person to undue burden." Rule 45(d)(3)(A)(iv). The movant has the burden of proof, *see id.*; *Wiwa v. Royal Dutch Petroleum Co.*, 392 F.3d 812, 818 (5th Cir. 2004) (citing *Williams v. City of Dallas*, 178 F.R.D. 103, 109 (N.D. Tex. 1998) (Fitzwater, J.)), and

- 6 -

must meet "the heavy burden of establishing that compliance with the subpoena would be 'unreasonable and oppressive.'" *Williams*, 178 F.R.D. at 109. "Whether a burdensome subpoena is reasonable must be determined according to the facts of the case." *Linder v. Dep't of Def.*, 133 F.3d 17, 24 (D.C. Cir. 1998) (internal quotation marks omitted). A witness' status as a non-party entitles the witness to consideration regarding expense and inconvenience. *See* Rule 45(d)(2)(B).[7]

III

The court now turns to McLendon's motion to quash, which presents the initial question whether Heath's deposition notice complies with Rules 30(b)(6) and 26.[8]

A

Heath does not specify its proposed deposition topics with reasonable particularity.

1

Topic Nos. 1 and 2 do not state a source of information. For example, Topic No. 1 concerns "[c]ommunications between [McLendon] and *any other Person* pertaining to the provision of water or sewer service to the Trilogy Development." Non-P. Br. (ECF No. 216)

---

[7]McLendon implies that this court should analyze this motion according to the non-exclusive *Wiwa* factors: "relevance, the need of the party for the documents, the breadth of the document request, the time period covered by it, the particularity with which the documents are described, and the burden imposed." *Wiwa*, 392 F.3d at 818. But because McLendon does not seek relief from a subpoena *duces tecum*, the court will not analyze this motion according to these factors.

[8]McLendon has standing to quash the subpoena because it is the person to whom the subpoena is issued. *See Brown v. Braddick*, 595 F.2d 961, 967 (5th Cir. 1979).

Ex. A at 7 (emphasis added).  Topic No. 2 also concerns communications between McLendon and "any other person."  *Id.*  District courts in this circuit have held that a topic that covers information "from any source" is improper under Rule 30(b)(6) because a discovering party does not define a topic with reasonable particularity when it "requir[es] a deponent to prepare a witness to address unspecified topics from unstated sources[.]"  *Westley*, 2023 WL 8934937, at *4; *see also Chauvin v. United Parcel Serv., Inc.*, 2023 WL 4175100, at *8 (E.D. La. June 26, 2023).  Because Heath has not identified any source of information in Topic Nos. 1 and 2, the noticed topics are too broad.

2

Topic Nos. 1-26 are also deficient because they do not reasonably specify the subject matter or time period.  These proposed deposition topics concern communications or knowledge of material exchanged regarding "the provision of water and sewer services."  Non-P. Br. (ECF No. 216) Ex. A at 7-9.  This court previously acknowledged that the scope of the subject matter—"the provision of water and sewer services"—is quite broad, because it could "arguably include communications on water and sewer services associated with domestic use, public use, stormwater runoff, and groundwater flow." *MC Trilogy Tex., LLC v. City of Heath*, 2023 WL 7190652, at *4 (N.D. Tex. Nov. 1, 2023) (Fitzwater, J.).  Heath does not attempt to meaningfully narrow the scope of the subject matter.  Moreover, district courts in this circuit "routinely [find]" "topics with no temporal restriction or element" to be "overbroad" under Rule 30(b)(6).  *United Healthcare Servs, Inc.*, 2021 WL 9146632, at *4 (first citing *Cook v. City of Dallas*, 2017 WL 9534098, at *5 (N.D. Tex. Apr. 10, 2017)

- 8 -

(Godbey, J.); then citing *Ransom v. M. Patel Enters. Inc.*, 2011 WL 3439255, at *4 (W.D. Tex. Aug. 5, 2011)).  Heath is not entitled to burden McLendon with the task of preparing a corporate designee to testify about wide-ranging information from seven institutional sources over an indefinite period.  Because Heath has not narrowed the subject matter or time period in Topic Nos. 1-26, the noticed topics are too broad.

3

Consistent with the duty to confer in good faith about the matters for examination in anticipated depositions under Rule 30(b)(6) and the preference of courts to modify rather than quash a subpoena, the court denies the motion to quash.  Instead, the court orders counsel for the parties to meet and confer regarding the scope of the Rule 30(b)(6) notice and subpoena.  In particular, the parties must confer about reducing the sources of information, limiting the scope of the subpoena's subject matter, and confining the relevant time period. The meeting must occur within 14 days of the date this memorandum opinion and order is filed, and the parties' joint report on the status of their conference must be submitted within 7 days of the date their conference is completed.  The court will then consider modifying any noticed deposition topic that remains in dispute.

B

The court next addresses McLendon's assertion that Heath's Rule 30(b)(6) notice should be limited under Rule 26(b)(2)(C) to the extent that, at the required conference, the parties continue to dispute the discoverability of certain information.

Although Heath's Rule 30(b)(6) noticed deposition topics seek similar information

- 9 -

from McLendon that Heath sought from Mayor Balkum and other parties, McLendon's assertion that the discovery is duplicative or cumulative overlooks the purpose of a Rule 30(b)(6) deposition. District courts have long recognized that deposition testimony under Rule 30(b)(6) is distinct from deposition testimony of other witnesses. *See Fulbright v. Union Pac. R.R. Co.*, 2021 WL 3809103, at *2 (N.D. Tex. June 29, 2021) (Toliver, J.); *Anya v. Tricam Indus., Inc.*, 2020 WL 13094091, at *2 (W.D. Tex. Jan. 19, 2020); *Sabre v. First Dominion Cap., LLC*, 2001 WL 1590544, at *1 (S.D.N.Y. Dec. 12, 2001); *La. Pac. Corp. v. Money Mkt. 1 Inst. Inv. Dealer*, 285 F.R.D. 481, 486-87 (N.D. Cal. 2012); *see also* Wright & Miller, *supra*, § 2103 ("A deposition under Rule 30(b)(6) differs in significant respects from the normal deposition."). Rule 30(b)(6) testimony binds the entity and requires the entity to prepare and produce all reasonably available information from documents, past employees, or other sources. *See Brazos River Auth.*, 469 F.3d at 433-34. This discovery device entitles parties to the knowledge of an entire organization and its positions on matters relevant and discoverable. *See* Rule 26, 30(b)(6). Because discovery under Rule 30(b)(6) is not duplicative or cumulative simply because individual deponents have testified about the topics noticed in the Rule 30(b)(6) deposition notice, McLendon's argument lacks merit.

\* \* \*

For the reasons explained, although the court finds that Heath's notice and subpoena are deficient in several respects, it concludes that McLendon's motion should be denied at this time and that Heath and McLendon should be ordered to meet and confer, after which

the court will consider modifying any noticed deposition topic that remains in dispute.

**SO ORDERED**.

April 16, 2024.

SIDNEY A. FITZWATER
SENIOR JUDGE