IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| MC TRILOGY TEXAS, LLC, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| VS. | § | Civil Action No. 3:22-CV-2154-D |
| | § | |
| CITY OF HEATH, TEXAS, | § | |
| | § | |
| Defendant. | § | |

MEMORANDUM OPINION
AND ORDER

In this action challenging a municipality's land use decisions, plaintiff MC Trilogy Texas, LLC ("MC Trilogy") moves for a protective order under Fed. R. Civ. P. 26(c) to prevent defendant the City of Heath, Texas ("Heath") from conducting a second deposition of non-party William Lucas "Dub" Douphrate ("Douphrate"). For the reasons explained, the court grants the motion.

I

Douphrate is an engineer for non-party City of McLendon-Chisholm, Texas ("McLendon"). Heath deposed Douphrate on January 23, 2024 before the court-ordered deadline to take oral depositions elapsed on February 23, 2024. About four months later, on June 19, 2024, Heath served a notice and subpoena on Douphrate to depose him a second time.

MC Trilogy now moves for a protective order to prevent the second deposition of Douphrate, contending that Heath has deposed Douphrate and that the discovery deadline has

passed and that Heath did not seek leave of court to take the deposition or move to modify the scheduling order.[1] Heath maintains that it noticed and subpoenaed Douphrate for this deposition because McLendon's Rule 30(b)(6) corporate representative indicated on May 14, 2024 that Douphrate was the more knowledgeable witness regarding relevant facts.

The court is deciding the motion on the briefs, without oral argument.

II

Heath has no authority to take a second oral deposition of Douphrate because, as MC Trilogy posits, Heath did not seek leave of court to take the deposition of someone who had already been deposed in this case, *see* Rule 30(a)(2)(A)(ii), or move to modify the scheduling order, *see* Rule 16(b)(4). Nor did Heath seek to compel the production of McLendon's Rule 30(b)(6) witness or to sanction the non-party for failing to provide a knowledgeable Rule 30(b)(6) witness. *See Resol. Tr. Corp. v. S. Union Co.*, 985 F.2d 196, 197 (5th Cir. 1993) (recognizing that when a party "has failed to designate an available, knowledgeable, and readily identifiable [Rule 30(b)(6)] witness, then the appearance is, for all practical purposes, no appearance at all"); *see also* Rule 37(d)(1)(A)(i) ("The court where the action is pending may, *on motion*, order sanctions if: . . . a person designated under Rule 30(b)(6) . . . fails, after being served with proper notice, to appear for that person's deposition[.]"). The court therefore declines to accept Heath's position that it had "little choice but to

---

[1] MC Trilogy has standing to move for a protective order under Rule 26(c) to prohibit a subpoena served on a non-party. *See, e.g.*, *Kilmon v. Saulsbury Indus., Inc.*, 2018 WL 5800759, at *4 (W.D. Tex. Feb. 13, 2018) ("A motion for a protective order may be made by any party and such party may seek a Rule 26(c) protective order 'if it believes its own interest is jeopardized by discovery sought from a third person.'" (quoting 9A Charles Alan Wright & Arthur R. Miller, *Federal Practice and Procedure* § 2035 (3d ed. 2017))).

independently subpoena and notice Mr. Douphrate's deposition[.]" D. Resp. (ECF No. 352) at 3.

The court also disagrees with Heath's contention that Douphrate's second deposition is "a natural extension" of the relief this court granted on April 16, 2024. On April 16, 2024 the court found that Heath's Rule 30(b)(6) notice and subpoena to depose McLendon's corporate representative were deficient in several respects, but concluded that a motion to quash should be denied at that time and that the parties should be required to meet and confer to resolve the dispute. *See MC Trilogy Tex., LLC v. City of Heath*, 2024 WL 1641233, at *5 (N.D. Tex. Apr. 16, 2024) (Fitzwater, J.). The meet-and-confer resolved any issues relating to Heath's Rule 30(b)(6) notice and subpoena, and Heath subsequently deposed McLendon's corporate representative. Importantly, this court did not make *any* finding regarding the deponent (or deponents) whom McLendon designated to testify on its behalf or the scope of the topics on which Heath actually deposed McLendon's corporate representative. The court's April 16, 2024 memorandum opinion and order did not provide any basis for Heath to seek a Rule 30(b)(6) deposition or any additional deposition of Douphrate.

\* \* \*

For the reasons explained, the court grants MC Trilogy's motion for a protective order regarding the subpoena served on Douphrate.

**SO ORDERED**.

August 14, 2024.

_____
SIDNEY A. FITZWATER
SENIOR JUDGE